UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
2012 MAR 15 PM 2:52
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

CV 12-1298

| Ramona Dejesus, | Civ. Action #: |
| | Complaint |
| -v- | |
| | Date Filed: |
| HF Management Services, LLC a/k/a Health First | Jury Trial Demanded |
| Defendant. | |

KORMAN, J.
LEVY, M.J

Plaintiff Ramona Dejesus, ("plaintiff" or "Dejesus"), by Abdul K. Hassan, Esq., her attorney, complaining of the defendant, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216 (b), that she is: (i) entitled to unpaid wages from defendant for overtime work for which she did not receive overtime premium pay, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including § 216(b).

2. Plaintiff further complains, that she is: (i) entitled to unpaid wages from Defendant for overtime worked for which she did not receive any premium pay; and (ii) is entitled to liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff also complains that defendant breached the employment and wage agreement it had with plaintiff and that as a result, plaintiff is entitled to recover the wages and damages she is owed as a result of such breach, plus prejudgment interest.

4. Plaintiff is also entitled to recover her unpaid wages under Article 6 of the New York Labor Law including Section 191 and is entitled to maximum liquidated damages/penalties and attorneys' fees pursuant to Section 198 of the New York Labor Law.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

## THE PARTIES

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

8. Plaintiff is an adult, over eighteen years old, who currently resides in Queens County, New York.

9. Upon information and belief, HF Management Services, LLC, ("defendant" or "Health First") is a domestic for-profit corporation organized and existing under the laws of the State of New York.

10. Upon information and belief, defendant Health First operates places of business at 100 Church Street, 18th Floor, New York, NY 10007 and 93-14 Roosevelt Avenue Queens, NY 11372.

11. At all times relevant herein, plaintiff worked for defendant Health First at its offices at 93-14 Roosevelt Avenue, Queens, NY 11372.

12. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

13. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

14. Upon information and belief and at all times applicable herein, defendant did not display the required FLSA and NYLL posters and notices of employee wage and overtime rights as was required by the FSLA and NYLL and the regulations thereunder.

15. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

16. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

17. Upon information and belief, and at all times relevant herein, defendant is engaged in the business of providing support and administrative services to health care organizations.

18. Upon information and belief, and at all times relevant herein, defendant provided support and administrative services to Health First Insurance and promoted to the public, insurance programs offered by Health First.

19. Upon information and belief, and at all times relevant herein, defendant employed plaintiff to promote insurance programs to the public and to recruit members of the public to join those insurance programs.

20. Plaintiff was employed by defendant for about three years ending on or about August 31, 2011.

21. As part of her wage agreement with defendant, plaintiff and defendant agreed that plaintiff would be paid a commission for each person recruited to join the insurance programs promoted by defendant, in addition to a regular non-commission wage.

22. At all times applicable herein, plaintiff was an hourly employee of defendant.

23. Plaintiff received the agreed to commissions on a regular basis but was not paid all the commission she earned and was owed – especially for the period immediately preceding her

termination.

24. Throughout her employment with defendant, and at all times relevant herein, plaintiff worked more than forty (40) hours in a week for Defendant in some or all weeks, but was not paid at a rate of at least 1.5 times her regular rate for <u>each</u> and all hours worked in excess of forty hours in a week.

25. At all times relevant herein, defendant failed and willfully failed to pay plaintiff an overtime rate of 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours a week.

26. Upon information, defendant has a common policy of not paying the required overtime to a class of over a hundred other current and former employees who are similarly-situated to plaintiff.

27. For a period of plaintiff's employment, defendant did not pay plaintiff any overtime and for another period, defendant failed to include the commission payments in the calculation of plaintiff's overtime pay.

### AS AND FOR A FIRST CAUSE OF ACTION – Unpaid Overtime
### FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

28. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if set forth fully and at length herein.

29. At all times relevant herein, plaintiff was employed by defendant within the meaning of the FLSA - 29 U.S.C § 201 et Seq.

30. At all times relevant herein, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

31. At all times relevant herein, defendant, upon information and belief, transacted commerce and

business in excess of $500,000.00 annually or had revenues or expenditures in excess of $500,000.00 annually.

32. **At all times relevant herein, defendant <u>failed</u> and <u>willfully failed</u> to pay plaintiff overtime wages at rates of at least 1.5 times her regular rate of pay for each and all hours she worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207, 216(b).**

### Relief Demanded

33. Due to defendant's FLSA violations, plaintiff is entitled to recover from defendant her unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION – Unpaid Overtime
### NEW YORK MINIMUM WAGE ACT NYLL 650 et Seq.

34. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 33 above as if set forth fully and at length herein.

35. At all times relevant to this action, plaintiff was employed by defendant, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

36. **At all times relevant to this action, defendant failed and willfully failed to pay plaintiff overtime wage at rates of at least 1.5 times her regular rate of pay for each and all hours she worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.**

### Relief Demanded

37. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, her unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION – Breach of Contract

38. Plaintiff repeats and incorporates paragraphs 1 through 36 above as if set forth fully and at length herein.

39. Defendant breached the employment agreement/contract between it and plaintiff as laid out above, by failing to pay plaintiff all of the wages plaintiff was due including unpaid commissions.

40. Plaintiff fully performed her obligations under the employment agreement/contract, including any and all condition precedents.

41. In light of defendant's breach of the employment agreement, plaintiff is entitled to and seeks to recover in this action, the amount of the wages, including unpaid commissions, plus interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW § 190, 191 and 198

42. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force and effect as if fully set forth at length herein.

43. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191 and 198 and the applicable regulations thereunder.

44. Defendant violated and willfully violated plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191 and 198 by failing to pay plaintiff all her wages (including her overtime wages, and unpaid commissions, as required by and within the time specified in NY Labor Law § 190 et seq. specifically including NY Labor Law §§ 191, 198.

### Relief Demanded

45. Due to defendant's New York Labor Law Article 6 violations including violation of section 191, plaintiff is entitled to recover from defendant, her entire unpaid wages and compensation, plus

maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

46. Declare defendant (including its overtime and commission wage payment policy and practice) to be in violation of the rights of plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

47. As to the First Cause of Action, award plaintiff, her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

48. As to the Second Cause of Action, award plaintiff, her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

49. As to the Third Cause of Action, award plaintiff, her unpaid commissions and prejudgment interest;

50. As to the Fourth Cause of Action, award plaintiff, any and all outstanding (additional) wages, including overtime wages, and unpaid commissions, plus prejudgment interest, costs, disbursements and attorney's fees pursuant to NYLL § 198.;

51. Award plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

52. Award plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
      March 14, 2012

Respectfully submitted,

*/s/ Abdul Hassan*

Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: (718) 740-1000
Email: abdul@abdulhassan.com
Counsel for Plaintiff