UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAMONA DEJESUS,

                            *Plaintiff*,

               -against-

HF MANAGEMENT SERVICES, LLC
a/k/a HEALTHFIRST,

                            *Defendant*.

Civ. No. 12-1298 (ERK) (RML)

ECF Case

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HF MANAGEMENT SERVICES, LLC'S MOTION TO DISMISS THE COMPLAINT

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................... 1

**STATEMENT OF FACTS** ........................................................................................................... 3

    *Healthfirst* .................................................................................................................. 3

    *The Complaint* .......................................................................................................... 3

**ARGUMENT** ................................................................................................................................ 5

    I.   PLAINTIFF'S FLSA OVERTIME CLAIM SHOULD BE DISMISSED ............................................. 5

        A.  Legal Standard Applied to a Motion to Dismiss.............................................. 5

        B.  Plaintiff Is Exempt from the FLSA Overtime Requirements Pursuant to the Outside Sales Exemption................................................................................ 6

        C.  Alternatively, Plaintiff Fails to Allege the Necessary Factual Foundation to Plead a Plausible FLSA Claim............................................................................ 10

    II.  PLAINTIFF'S NYLL OVERTIME CLAIM SHOULD BE DISMISSED ........................................... 11

    III. PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED ................................. 12

        A.  The Compensation Plan Establishes that Plaintiff's Breach of Contract Claim Fails  12

        B.  The Complaint Does Not Demonstrate the Existence of an Agreement .................... 13

        C.  The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Breach of Contract Claim ........................................................................ 14

    IV. PLAINTIFF'S NYLL CLAIM SEEKING UNPAID COMMISSIONS SHOULD BE DISMISSED......... 14

**CONCLUSION** ............................................................................................................................. 16

**TABLE OF AUTHORITIES**

**CASES**

*380544 Canada, Inc. v. Aspen Tech., Inc.*, 544 F. Supp. 199 (S.D.N.Y. 2008) .............................. 9

*Abdul-Rahman v. City of New York*, No. 10 Civ. 2778, 2012 WL 1077762
    (E.D.N.Y. Mar. 30, 2012) ....................................................................................................... 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................................... 5

*Berman v. Sugo, LLC*, 580 F. Supp. 2d 191 (S.D.N.Y. 2008) ...................................................... 12

*Broder v. Cablevision Sys. Corp.*, 418 F.3d 187 (2d Cir. 2005) .............................................. 8, 13

*DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497,
    (E.D.N.Y. 2011) .............................................................................................................. *passim*

*Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441 (E.D.N.Y. 2009) .................................. 6

*In re Novartis Wage & Hour Litig.*, 611 F.3d 141 (2d Cir. 2010) .................................................. 7

*James v. Countrywide Fin. Corp.*, No. 10 CV 4953 (DRH) (WDW), 2012 WL 359922,
    (E.D.N.Y. Feb. 2, 2012) ............................................................................................ 6, 10, 11, 12

*Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255 (2d Cir. 2006) ...................................... 14

*Lane v. Humana Health Sys., Inc.*, No. 1:09-CV-380-MHW, 2011 WL 2181736
    (D. Idaho June 3, 2011) .......................................................................................................... 7, 9

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 10 Civ. 2661 (PAC),
    2011 WL 321186 (S.D.N.Y. Jan. 28, 2011) .............................................................. 6, 10, 11

*Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101 (2d Cir. 2010) ............................ 11

*Rodriguez v. It's Just Lunch Int'l*, No. 07 Civ. 9227(SHS)(KNF), 2010 WL 685009,
    (S.D.N.Y. Feb. 23, 2010) ........................................................................................................ 12

*Sirohi v. Tr. of Columbia Univ.*, No. 97-cv-7912, 1998 WL 642463 (2d Cir. Apr. 16, 1998) ..... 12

*Tierney v. Capricorn Investors, L.P.*, 189 A.D.2d 629, 592 N.Y.S.2d 700
    (N.Y.A.D. 1st Dept. 1993) ...................................................................................................... 15

*Tracy v. NVR, Inc.*, 599 F. Supp. 2d 359 (W.D.N.Y. 2009) .......................................................... 9

*Wage & Hour Op. Letter* FLSA 2007-4, 2007 WL 506577 (Jan. 25, 2007) ................................. 9

*Zhong v. August August Corp.*, 498 F. Supp. 2d 625 (S.D.N.Y. 2007) ....................................... 10

**STATUTES**

12 N.Y. Comp. Codes R. & Regs. § 142-2.2 ................................................................................ 11

29 U.S.C. § 213(a)(1) ..................................................................................................................... 6

F.R.C.P. 12(b)(6) ....................................................................................................................... 1, 5

N.Y. Insurance Law § 2101 ........................................................................................................... 8

N.Y. Insurance Law § 2102 ........................................................................................................... 8

N.Y. Labor Law § 190 ............................................................................................................. 3, 14

N.Y. Labor Law § 191 ........................................................................................................... 14, 15

N.Y. Labor Law § 198 ................................................................................................................. 14

**OTHER AUTHORITIES**

CMS Medicare Marketing Guidelines § 20 .................................................................................. 8

CMS Medicare Marketing Guidelines § 120.1 ............................................................................. 8

**REGULATIONS**

29 C.F.R. § 541.500 ................................................................................................................... 6, 9

29 C.F.R. § 541.501 ....................................................................................................................... 7

42 C.F.R. § 422.2272(c) ................................................................................................................ 8

*Defining and Delimiting the Exemptions for Executive, Administrative, Professional,*
    *Outside Sales and Computer Employees*, 69 Fed. Reg. 22122 (Apr. 23, 2004) ....................... 7

Defendant HF Management Services, LLC ("Healthfirst") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff Ramona Dejesus's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

This case represents the second attempt by a former Healthfirst Medicare Marketing Representative to claim entitlement to overtime pay under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). In the preceding case styled, *Alburquerque v. Healthfirst, Inc.*, Civ. No. 11-2634 (FB) (E.D.N.Y.) (the "First Case"), a group of former Medicare Marketing Representatives filed a putative collective and class action against Healthfirst alleging violations of the FLSA and NYLL for failure to pay overtime. (*See* Declaration of Scott B. Klugman in Support of Motion to Dismiss ("Klugman Decl."), Exhibit ("Ex.") A (Collective Class Action Compl.).) This Court granted the stipulation of dismissal of the First Case *with prejudice* following plaintiffs counsel's concession in open court that Medicare Marketing Representatives are exempt from the FLSA and NYLL overtime requirements as outside salespersons. (*See* First Case Dec. 9, 2011 Minute Entry and Docket # 32 (Stipulation of Dismissal dated Dec. 16, 2011).)

Seemingly to avoid a similar result, Plaintiff here has omitted virtually all detail concerning her position and responsibilities. The Complaint fails to allege what position she held; the Complaint fails to allege her specific dates of employment; the Complaint fails to allege where she engaged in her sales activity; and the Complaint fails to allege the approximate number of hours worked. As shown below, this Court has repeatedly held that the Complaint must contain each of these factual allegations in order to state plausible FLSA and NYLL claims.

Notwithstanding this lack of factual detail, the allegations in the Complaint nonetheless establish that Plaintiff's FLSA and NYLL overtime claims fail as a matter of law. Plaintiff alleges that she was a commissioned salesperson for Healthfirst. (Compl. ¶ 21.) Plaintiff also alleges that she was "similarly situated" to the plaintiffs in the First Case (*see* Compl. ¶ 26), who were alleged to have been "deployed" to various locations outside of Healthfirst's place of business, "such as hospitals, clinics, physician's offices, and government agencies offices," to enroll members in Healthfirst's Medicare plan. (Klugman Decl., Ex. A ¶¶ 4, 26.) Taking the allegations as true for purposes of a motion to dismiss, the Complaint concedes that, like the First Case plaintiffs, Plaintiff engaged in her sales activity away from Healthfirst's offices. The Court should therefore conclude as a matter of law that the outside sales exemption applies to Plaintiff and dismiss her FLSA and NYLL overtime claims with prejudice. Alternatively, the Court should dismiss these claims for failure to state a claim for relief based on insufficient factual matter in the Complaint.

In addition, Plaintiff's breach of contract and NYLL claims seeking unpaid commissions for sales made immediately preceding her resignation should be dismissed because Plaintiff never earned these commissions under Healthfirst's Compensation Plan (the "Compensation Plan"). Specifically, the Compensation Plan expressly provides that sales commissions were not earned until 90 days after the date of sale and only if (1) the member remained enrolled during that time frame and (2) the Medicare Marketing Representative was employed on the date the commission was to be paid. Because the 90-day period for the enrollments at issue had not elapsed prior to her resignation, Plaintiff's claims seeking unpaid commissions necessarily fail. Alternatively, the Court should either dismiss these claims for

failure to properly allege the existence of a contract or decline to exercise supplemental jurisdiction over these claims upon dismissal of Plaintiff's only federal claim, the FLSA claim.

## STATEMENT OF FACTS

### *Healthfirst*

Healthfirst is a management services company responsible for the administration of a not-for-profit, managed care organization which provides Medicare Advantage plans to Medicare beneficiaries under a contract with the Centers for Medicare and Medicaid Services ("CMS"), the Federal agency that administers and regulates Medicare. Healthfirst is managed by some of the most prestigious hospitals and medical centers in New York. Healthfirst's mission is to provide affordable quality care for the communities it serves.

### *The Complaint*

The Complaint alleges four claims against Healthfirst. Counts One and Two allege that Healthfirst did not pay Plaintiff overtime compensation in violation of the FLSA and NYLL, respectively. Counts Three and Four allege that Healthfirst breached Plaintiff's employment contract and violated the NYLL, respectively, by not paying her commissions on sales activity that occurred immediately preceding her resignation.

Plaintiff worked for Healthfirst as a Medicare Marketing Representative. The Complaint alleges that Plaintiff "would be paid a commission for each person recruited to join [Healthfirst's] insurance programs." (Compl. ¶ 21.) Thus, Plaintiff concedes that she was a "commission salesperson[]" under NYLL § 190(6) because her "principal activity is the selling of . . . insurance" and her earnings were based at least in part on commissions. *Id.*

While Plaintiff asserts that she worked out of Healthfirst's offices in Queens, New York, (Compl. ¶ 7), the Complaint contains no allegations concerning where she engaged in her

3

primary duty, *i.e.*, making sales for Healthfirst.[1] The Complaint, however, references the putative class action complaint in the First Case and alleges that Plaintiff is "similarly-situated" to "a class of over a hundred other current and former employees." (Compl. ¶ 26.) As noted above, the First Case complaint alleged that the Medicare Marketing Representatives that were "similarly-situated" to Plaintiff made their sales outside of Healthfirst offices at various locations, including hospitals, clinics, physician's offices and government agency offices. (Klugman Decl., Ex. A ¶ 4.)

While Plaintiff alleges that she did not receive commissions for sales that occurred "immediately preceding her termination," (Compl. ¶ 23), the Complaint does not identify the specific provision of the Compensation Plan under which she was entitled to receive such commissions. In fact, the Compensation Plan makes clear that Plaintiff did not satisfy all of the conditions precedent to earning these commissions. Specifically, the Compensation Plan states that the incentive payment was not earned at the time of sale, but was earned 90 days after the date of sale provided that (1) the member remained enrolled during that time frame and (2) the Medicare Marketing Representative was employed on the date the commission was to be paid. (*See* Klugman Decl., Ex. B (2011 Medicare Compensation Plan) at 1-2.) Thus, Plaintiff did not earn any commissions on enrollments that occurred "immediately preceding her termination."

---

[1] In fact, Plaintiff engaged in this sales activity outside of Healthfirst's offices at various offsite locations, including various pharmacies, hospitals and clinics in Queens, New York. Plaintiff also regularly made home sales visits to prospective members for the purpose of recruiting them to enroll in a Healthfirst Medicare plan.

4

## ARGUMENT

### I.  PLAINTIFF'S FLSA OVERTIME CLAIM SHOULD BE DISMISSED

#### A.  Legal Standard Applied to a Motion to Dismiss

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) unless it "contain[s] sufficient factual matter" to state a claim for relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard requires more of a showing than "a sheer possibility that the defendant has acted unlawfully." *Id.*  It also requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  To meet this standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.  In addition, while the Court must accept as true the complaint's well pleaded factual allegations and draw all reasonable inferences in favor of the non-movant, the Court is not required to accept the assertions in the non-moving party's pleading that constitute conclusions of law. *Id.*

In ruling on a motion to dismiss, the Court is not limited to consideration of the facts alleged in the complaint. *DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 506-07 (E.D.N.Y. 2011) (FLSA case).  The Court may also consider, *inter alia*: (1) any documents that are "integral to the complaint and relied upon in it even if not attached or incorporated by reference;" (2) any "documents or information contained in the defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing

5

the complaint;" and (3) any "facts on which judicial notice may be properly taken under Federal Rule of Evidence 201." *Id.*

### B. Plaintiff Is Exempt from the FLSA Overtime Requirements Pursuant to the Outside Sales Exemption

To properly plead a claim to recover unpaid overtime wages under the FLSA, a plaintiff must show that "'(1) he was an employee who was eligible for overtime ([*i.e.*,] not exempt from the Act's overtime pay requirements); and (2) that he actually worked overtime hours for which he was not compensated.'" *DeSilva*, 770 F. Supp. 2d at 507 (alteration in original) (quoting *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009)); *see also James v. Countrywide Fin. Corp.*, No. 10 CV 4953 (DRH) (WDW), 2012 WL 359922, at *21 (E.D.N.Y. Feb. 2, 2012). As part of plaintiff's burden to make this showing, the complaint must lay a "factual foundation for determining the viability of" the FLSA claim. *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 10 Civ. 2661 (PAC), 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011).

The FLSA exempts from its overtime compensation requirements any employee employed "in the capacity of an outside salesman." 29 U.S.C. § 213(a)(1). Under United States Department of Labor regulations, an employee qualifies for this outside sales exemption if two requirements are met. *See* 29 C.F.R. § 541.500. *First*, the employee's primary duty must consist of (i) making "sales" as that term is defined in FLSA section 3(k),[2] or (ii) obtaining orders or contracts for services or for the use of facilities. *Id.* § 541.500(a)(1)(i)-(ii). *Second*, the employee must be "customarily and regularly engaged away from the employer's place or places of business in performing such primary duty." *Id.* § 541.500(a)(2). As shown below, even the

---

[2] FLSA § 3(k) defines a "sale" as "any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition." 29 U.S.C. § 203(k).

6

limited allegations set forth in the Complaint establish that Plaintiff was exempt from the FLSA's overtime requirements under the outside sales exemption.

### *(i)      Plaintiff's Primary Duty Was to Make Sales*

An employee has the primary duty of making sales "if [she] obtain[s] a commitment to buy from the customer and [is] credited with the sale." *In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 153 (2d Cir. 2010) (internal quotation marks omitted) (quoting *Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees*, 69 Fed. Reg. 22122, 22124 (Apr. 23, 2004)). The outside sales exemption applies not only to commitments to buy tangible goods, but also expressly extends to sales of or obtaining orders or contracts for services, such as insurance. 29 C.F.R. § 541.501(d) ("The word 'services' extends to outside sales exemption to employees who sell or take orders for a service, which may be performed for the customer by someone other than the person taking the order."); *see Lane v. Humana Health Sys., Inc.*, No. 1:09-CV-380-MHW, 2011 WL 2181736, at *5-9 (D. Idaho June 3, 2011) (holding that, as a matter of law, employees who enrolled individuals in their employer's Medicare plan—just like Plaintiff here—were exempt from the FLSA's overtime requirements under the outside sales exemption).

The Complaint concedes that Plaintiff's primary duty was making sales. Indeed, Plaintiff's only responsibility identified in the Complaint was to recruit individuals to enroll in Healthfirst's insurance program, and she alleges that she received a per-enrollment commission for these sales. (Compl. ¶¶ 21, 23.) Thus, the Complaint establishes that Plaintiff's primary duty involved making sales because it alleges that Plaintiff was responsible for obtaining a commitment to buy health insurance from Healthfirst and was credited in her compensation package for making such a sale.

The Compensation Plan provides further support for the conclusion that Plaintiff was responsible for making sales. Specifically, it states that

> [a]ll [Medicare Marketing Representatives] must be licensed by the State as a broker or agent and appointed by Healthfirst to be eligible for employment. Any lapse in licensing will result in the [Medicare Marketing Representative] being redeployed to another position and *she will not be eligible to enroll members*."

(Klugman Decl., Ex. B at 2 (emphasis added).)[3] It further states that only licensed Medicare Marketing Representatives, such as Plaintiff, were eligible to receive a sales commission. (*Id.*)

Moreover, CMS and New York State Insurance guidelines define Plaintiff as a "sales person" and "insurance agent" who sells insurance under federal and state regulations. CMS Medicare Marketing Guidelines §§ 20, 120.1; N.Y. Insurance Law §§ 2101(a), (k), 2102(a)(1); *see also* 42 C.F.R. § 422.2272(c). For example, the CMS Medicare Marketing Guidelines provide that "[t]he term 'sales person' is used in these Medicare Marketing Guidelines to define an individual who markets and/or sells products for a single plan sponsor or numerous plan sponsors. It includes employees, brokers, agents, and all other individuals . . . that may be utilized to market and/or sell on behalf of a plan sponsor." CMS Medicare Marketing Guidelines § 20. Similarly, New York Insurance Law defines an accident and health "insurance agent" as "any authorized or acknowledged agent of an insurer . . . who acts as such in the solicitation of, negotiation for, or sale of, an insurance . . . contract." N.Y. Insurance Law § 2101(a).

Accordingly, the Complaint, as well as the documents integral to the Complaint, establish that Plaintiff's primary duty was to make sales for Healthfirst.

---

[3] Because the Compensation Plan is integral to Plaintiff's breach of contract and NYLL unpaid commission claims, *see infra* §§ III and IV, the Court may rely on it in deciding the motion to dismiss. *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005); *see also DeSilva*, 770 F. Supp. 2d at 507.

8

### *(ii)* *Plaintiff Was Customarily and Regularly Engaged Away from Defendant's Place of Business*

The outside sales exemption's second requirement is that the employee be "customarily and regularly engaged away from the employer's place or places of business in performing such primary duty." 29 C.F.R. § 541.500(a)(2). Under the regulations, the employer's place of business includes satellite offices and home offices "used by a salesperson as a headquarters." *Id.* § 541.502. It does not, however, include the customer's home or office or any location in which the employer does not "'retain[] a continuing business interest.'" *Tracy v. NVR, Inc.*, 599 F. Supp. 2d 359, 363 (W.D.N.Y. 2009) (quoting *Wage & Hour Op. Letter* FLSA 2007-4, 2007 WL 506577, at *2 (Jan. 25, 2007)); *see also Lane*, 2011 WL 2181736, at *9 (holding that Medicare sales representatives sales at public locations such as Walmart were "away from the employer's place of business" because the sales representatives did not use these locations "as headquarters").

While the Complaint contains no specific allegations concerning where Plaintiff engaged in her sales activity, the Complaint does allege that Plaintiff was "similarly situated" to the putative class of employees and former employees in the First Case. As a result, Plaintiff has affirmatively adopted the allegations in the First Case complaint, including those allegations concerning the locations of the sales activity, and the Court should deem these allegations incorporated by reference in and integral to the Complaint. *See 380544 Canada, Inc. v. Aspen Tech., Inc.*, 544 F. Supp. 199, 214 (S.D.N.Y. 2008) (finding that a complaint that quoted from a prior class action complaint incorporated by reference the allegations in the class complaint).

The First Case complaint acknowledged that the putative class employees engaged in their sales activity away from Healthfirst's places of business. Specifically, that complaint conceded that the employees were "deployed" out of the office to multiple locations,

9

including hospitals, clinics and physician's offices, to engage in their sales activity. (Klugman Decl., Ex. A ¶ 4.) None of these locations qualifies as Healthfirst's place of business for purposes of the outside sales exemption. Plaintiff and the other putative class employees' sales activity therefore occurred away from Healthfirst's places of business, and the Court should conclude that the second requirement for the outside sales exemption is also satisfied.

Accordingly, the Court should find that Plaintiff is exempt from the FLSA overtime requirements pursuant to the outside sales exemption, and Plaintiff's FLSA claim should be dismissed with prejudice.

### C. Alternatively, Plaintiff Fails to Allege the Necessary Factual Foundation to Plead a Plausible FLSA Claim

Plaintiff's FLSA claim should alternatively be dismissed because the Complaint fails to provide the factual foundation required to state a plausible FLSA claim. *See, e.g.*, *Nakahata*, 2011 WL 321186, at *4. For an FLSA claim to surpass the plausibility threshold, the factual foundation alleged in the complaint must include, *inter alia*, where the plaintiff worked, what position she held and the dates of employment. *James*, 2012 WL 359922, at *21; *DeSilva*, 770 F. Supp. 2d at 508. The complaint must also "'at a minimum, . . . set forth the approximate number of unpaid [] overtime hours allegedly worked.'" *James*, 2012 WL 359922, at *21 (quoting *Nakahata*, 2011 WL 321186, at *4)); *see also DeSilva*, 770 F. Supp. 2d at 509-10 (dismissing complaint for failing to alleged the approximate number of overtime hours worked); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628, 630 (S.D.N.Y. 2007) (same).

It is indisputable that the Complaint is nearly devoid of any factual content alleging the details of Plaintiff's employment, but rather is comprised of conclusory statements and legal conclusions that do nothing more than vaguely assert her entitlement to overtime compensation under the FLSA. Among other deficiencies, the Complaint fails to allege the

required details of Plaintiff's employment, including what position Plaintiff held, her dates of employment and where she made the sales for which she claims she is entitled to commission. *See, e.g.*, *James*, 2012 WL 359922, at *21; *DeSilva*, 770 F. Supp. 2d at 508.

The Complaint is also deficient in that it fails to approximate the number of overtime hours allegedly worked. *See, e.g.*, *James*, 2012 WL 359922, at *21 ("Simply stating that Plaintiffs were not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA.") (internal quotation marks omitted) (quoting *Nakahata*, 2011 WL 321186, at *4)); *DeSilva*, 770 F. Supp. 2d at 508. This Court has made clear that a vague allegation, such as that contained in the Complaint here, (*see* Compl. ¶ 24), that the Plaintiff worked more than 40 hours in certain weeks without some approximation as to the amount of overtime hours worked is insufficient to withstand a motion to dismiss. *James*, 2012 WL 359922, at *21; *DeSilva*, 770 F. Supp. 2d at 508.

Accordingly, Plaintiff's FLSA claim should be dismissed in the alternative for failure to allege the necessary factual foundation.

## II. PLAINTIFF'S NYLL OVERTIME CLAIM SHOULD BE DISMISSED

NYLL also exempts employees who qualify as outside salespersons from its overtime requirements and defines and applies this exemption in the same manner as the FLSA. *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010) (stating that NYLL applies the same exemptions as the FLSA); 12 N.Y. Comp. Codes R. & Regs. § 142-2.2 (indicating that the Section 13 FLSA exemptions apply to a claim for overtime wages under NYLL with certain exceptions not relevant to the present case). Accordingly, Plaintiff's NYLL overtime claim should be dismissed for the same reasons set forth above relating to Plaintiff's FLSA claim.

### III. PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED

Plaintiff's breach of contract claim alleges that she was not paid commissions on sales made during the period "immediately preceding her termination." (Compl. ¶ 23.) To plead a breach of contract claim under New York law, a plaintiff must allege four elements: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages." *See, e.g.*, *James*, 2012 WL 359922, at *22 (internal quotations and citations omitted). As part of the burden to allege the existence of an agreement, a plaintiff must do more than state in a "conclusory manner" that an agreement was breached. *Berman v. Sugo, LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008). To survive a motion to dismiss, the complaint must identify the contract at issue by alleging the date of formation and whether the contract was oral or written. *Id.*; *Rodriguez v. It's Just Lunch Int'l*, No. 07 Civ. 9227(SHS)(KNF), 2010 WL 685009, at *10 (S.D.N.Y. Feb. 23, 2010). The complaint must also identify "'the specific provisions of the contract upon which liability is predicated.'" *DeSilva*, 770 F. Supp. 2d at 534 (quoting *Sirohi v. Tr. of Columbia Univ.*, No. 97-cv-7912, 1998 WL 642463, at *2 (2d Cir. Apr. 16, 1998)).

As shown below, Plaintiff's breach of contract claim should be dismissed with prejudice because the Compensation Plan establishes that her claim for unpaid commissions fails as a matter of law. Alternatively, the Court should dismiss Plaintiff's breach of contract claim because she failed to allege the requisite factual foundation, or should decline to exercise supplemental jurisdiction over this claim.

#### A. The Compensation Plan Establishes that Plaintiff's Breach of Contract Claim Fails

Given that the Compensation Plan is integral to Plaintiff's breach of contract claim, the Court need not accept Plaintiff's description of it, but may look to the Compensation

12

Plan itself in deciding the motion to dismiss even though Plaintiff did not attach it to the Complaint. *See, e.g.*, *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) ("Where a plaintiff has relied on the terms and effect of a document in drafting the complaint, and that document is integral to the complaint, [the court] may consider its contents even if it is not formally incorporated by reference.") (internal quotations omitted). Under the express terms of the Compensation Plan, Plaintiff's claim that she was not paid commissions for sales that occurred immediately preceding her resignation necessarily fails because she never earned these commissions.

Specifically, the Compensation Plan provides that a Medicare Marketing Representative earned "the entire per enrollment fee payment approximately 90 days" after the date of sale only if certain conditions were met. (Klugman Decl., Ex. B at 1-2.) *First*, the Medicare Marketing Representative would not receive any per-enrollment commission "[s]hould the member disenroll at any time during the first three months." (*Id.* at 1.) *Second*, the Compensation Plan states that "Healthfirst will not pay incentives to a Medicare Marketing Representative after the last date of employment for any performance that occurred prior to the termination." (*Id.* at 2.) Accordingly, under the express terms of the Compensation Plan, Plaintiff did not earn any commission for sales "immediately preceding her termination," *i.e.*, sales that occurred within 90 days of her resignation, and Plaintiff's breach of contract claim should be dismissed with prejudice.

### B. The Complaint Does Not Demonstrate the Existence of an Agreement

Alternatively, to the extent the Court opts not to consider the documents attached to Healthfirst's motion to dismiss, Plaintiff's breach of contract claim should still be dismissed for failing to provide the necessary detail to state a plausible breach of contract claim. The

Complaint fails, *inter alia*, to identify the date of the contract, to specify whether it was oral or written, and to specifically plead the terms of the agreement on which she claims liability is predicated. The Complaint also fails to identify any commission that was due but unpaid. For all of these reasons, Plaintiff has failed to allege a plausible breach of contract claim.

### C. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Breach of Contract Claim

Alternatively, should the Court dismiss Plaintiff's FLSA claim, the Court should decline to exercise supplemental jurisdiction over Plaintiff's breach of contract claim. As the Second Circuit has stated, "[i]t is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006); *Abdul-Rahman v. City of New York*, No. 10 Civ. 2778, 2012 WL 1077762, at *12 (E.D.N.Y. Mar. 30, 2012) (quoting *Klein & Co.*).

### IV. PLAINTIFF'S NYLL CLAIM SEEKING UNPAID COMMISSIONS SHOULD BE DISMISSED

Plaintiff's final claim seeks unpaid commissions under NYLL §§ 190, 191 and 198. (Compl. ¶ 44.) NYLL § 190 contains only definitions for use in other sections and creates no substantive obligations. Likewise, NYLL § 198 contains only a remedial/enforcement scheme and does not set forth any substantive obligations giving rise to a cause of action. Thus, Plaintiff does not have a cause of action under either of those sections.

NYLL § 191 specifies the deadline by which earned compensation must be paid to designated classes of employees, only one of which is applicable here, namely, "[c]ommission salespersons." *Id.* § 191(1)(c); *see also id.* § 190(6) (defining a "commission salesperson" as "any employee whose principal activity is the selling of . . . insurance . . . and whose earnings are based in whole or in part on commissions."). NYLL § 191(1)(c) requires payment of "wages,

14

salary . . . commissions and all other monies *earned or payable in accordance with the agreed terms of the employment*." *Id.* (emphasis added); *see also Tierney v. Capricorn Investors*, *L.P.*, 189 A.D.2d 629, 632, 592 N.Y.S.2d 700 (N.Y. App. Div. 1st Dept. 1993) (plaintiff "cannot assert a statutory claim for wages under the Labor Law if [s]he has no enforceable contractual right to those wages.").

As discussed above, under the Compensation Plan, commissions were earned 90 days after the date of sale provided (1) the member remained enrolled and (2) the salesperson remained employed. Because the 90-day period for the enrollments at issue had not elapsed prior to her resignation, Plaintiff did not earn commission on any sales she made immediately preceding her termination. Since the commissions were not earned, Plaintiff fails to state a claim under NYLL § 191.

Alternatively, for the reasons set forth above in Point III, the Court should decline to exercise supplemental jurisdiction over Plaintiff's NYLL claim for unpaid wages.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint in its entirety and grant any and all further relief as may be just and proper.

Dated: New York, New York
May 7, 2012

**LEVINE LEE LLP**

By: ___/s/ Scott B. Klugman___
Seth L. Levine
Scott B. Klugman
570 Lexington Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
slevine@levinelee.com
sklugman@levinelee.com

**LITTLER MENDELSON, P.C.**
Andrew P. Marks
Theo E.M. Gould
900 Third Avenue
New York, New York 10022
Telephone: (212) 583-9600
Facsimile: (212) 832-2719
amarks@littler.com
tgould@littler.com

*Attorneys for Defendant*
*HF Management Services, LLC*