UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ramona Dejesus,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　-v-<br><br>HF Management Services, LLC<br>a/k/a Healthfirst,<br><br>　　　　　　　　　　　Defendant. | Civ. Action #: 12-CV-1298<br>(ERK)(RML)<br><br><br>**OPPOSING MEMORANDUM<br>OF LAW** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

　　　　　　　　　　**Abdul K. Hassan, Esq.**
　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　**215-28 Hillside Avenue,**
　　　　　　　　　　**Queens Village, NY 11427**
　　　　　　　　　　**Tel: 718-740-1000**

## **TABLE OF CONTENTS**

PAGE

I. PRELIMINARY STATEMENT ---------------------------------------------------------------- 1

II. ARGUMENT ------------------------------------------------------------------------------------ 3

    1. AN EMPLOYEE NEED ONLY PLEAD AND PROVE TWO ELEMENTS
    IN ORDER TO RECOVER OVERTIME UNDER THE FLSA AND NYLL ----- 3

    2. DEFENDANT'S MOTION TO DISMISS ON THE BASIS OF THE
    OUTSIDE SALESPERSON EXEMPTION SHOULD BE DENIED --------------- 5

    3. DEFENDANT'S MOTION TO DISMISS THE CLAIMS FOR UNPAID
    COMMISSIONS SHOULD BE DENIED ------------------------------------------------ 10

    4. THE CLAIMS IN THE COMPLAINT ARE ADEQUATELY STATED -------- 13

    5. THE TALE OF TWO CASES ---------------------------------------------------------- 17

III. CONCLUSION -------------------------------------------------------------------------------- 18

## I. PRELIMINARY STATEMENT

Plaintiff Ramona Dejesus, hereby submits the instant memorandum of law in opposition to defendant's motion to dismiss. The standard on a motion to dismiss is well known. In general however, the factual allegations in the complaint[1] are taken as true and all reasonable inferences are drawn in favor of plaintiff. The factual allegations in the complaint are incorporated and summarized herein. In essence, plaintiff was employed by defendant to market its insurance products. Plaintiff was employed by defendant for about three years ending on or about August 31, 2011. Plaintiff was paid a fixed wage plus commissions for every customer she recruited to join the insurance plan. From the start of her employment to around April 2011, plaintiff was not paid any overtime as required by the FLSA and NYLL. Upon information and belief, from around April 2011 to the end of her employment on or about August 31, 2011, plaintiff was paid overtime wages but defendant failed to include her commissions in the calculation of the overtime wages. In addition, plaintiff is owed commissions for the customers she recruited in the period just prior to her termination – the exact amount of commissions owed will be calculated based on the fruits of discovery. Plaintiff brought the instant action on March 15, 2012 to recover her unpaid overtime wages under the FLSA and NYLL, and to recover her unpaid commissions under the NYLL and common law breach of contract.

Defendant, on May 7, 2012, filed a pre-answer motion to dismiss all claims. As to the overtime claims, defendant argues that plaintiff was not entitled to overtime pay because she was covered by the outside salesperson exemption of the FLSA and NYLL. Alternatively, defendant

---

[1] The complaint can be found at ECF Docket # 1.

argues that the complaint does not contain sufficient facts to state a plausible claim for overtime pay. Plaintiff and defendant agree that the law and analysis of the FLSA and NYLL overtime claims are the same. As explained below, defendant does not seem to realize that an overtime exemption is an affirmative defense that defendant (and not plaintiff) is required to plead and prove and that the exemption is strictly construed against the employer according to the Supreme Court and the Second Circuit. The outside salesperson exemption has numerous elements each of which requires a fact-intensive inquiry to establish. By its own admission, the facts defendant needs to prove the exemption are not available in the complaint (because plaintiff is not required to plead and prove the affirmative defense) and it is therefore impossible for defendant to conduct a trial on a pre-answer motion to dismiss in an attempt to prove this affirmative defense. While plaintiff is very likely to prevail on the exemption issue at summary judgment or trial, a ruling on the exemption at this pre-answer motion to dismiss stage must be made in plaintiff's favor. Upon information and belief, around April 2011, defendant started to pay plaintiff overtime and classified plaintiff as "Non-Exempt" on her paystubs. Defendant's legal conclusion around April 2011 that plaintiff was entitled to overtime is correct and defendant's reversal in this case is incorrect.

As to the claims under NYLL and breach of contract for unpaid commissions, defendant argues that while plaintiff's work generated the subject commissions, plaintiff did not earn the commissions under the terms of a certain purported compensation plan and defendant was justified under said plan in denying plaintiff the commissions she now claims in this action. Defendant seriously errs once gain. As explained below, the NY Court of Appeals has held that under the common law rule, an employee earns her commission when she produces a willing and able buyer and there is no dispute in this case that the commissions plaintiff seeks to recover stem

from situations in which she produced willing buyers who actually purchased defendant's insurance products. While an employee and employer can agree to alter the common law rule, NYLL § 191(c) requires that such an agreement must be in writing signed by both parties and defendant has not produced such a writing in this case.

Alternatively, defendant argues that the complaint lacks sufficient factual details. However, as explained below this argument stems from an apparent confusion over the difference between a cause of action and an affirmative defense and the difference between facts which have legal significance on the one hand, and legal conclusions on the other hand.

Based on the foregoing, plaintiff has stated his overtime claims and then some and as such, defendant's motion to dismiss should be dismissed in its entirety with prejudice.

## II. ARGUMENT

### 1. AN EMPLOYEE NEED ONLY PLEAD AND PROVE TWO ELEMENTS IN ORDER TO RECOVER OVERTIME UNDER THE FLSA AND NYLL

In the modern era of pleading jurisprudence, a natural starting point is the Supreme Court's decisions in Bell Atlantic v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2007). In both these cases, the Supreme Court began by examining the substantive law in order to determine the elements of the cause of action. Under the Fair Labor Standards Act ("FLSA")[2], there is a presumption that all employees are entitled to overtime pay and that an employee is entitled to 1 ½ times his regular rate for all hours worked in excess of forty in a week. 29 U.S.C. § 207(a)(1); see Reich v. State of New York, 3 F .3d 581, 587 (2d Cir.1993). An employee must therefore prove two elements in order to prevail on an FLSA overtime cause of

---

[2] The FLSA can be found at 29 USC 201 et Seq. 29 USC 207 requires overtime pay and 29 USC 216 is the enforcement provision.

action. First, she must allege and prove that she worked more than 40 hours in a week. Second, she must show that she was not paid at a rate of at least 1.5 times her regular rate for all hours over forty in the week. See also the pattern jury instructions for FLSA overtime claims. Whether an exemption applies to the FLSA **is an affirmative defense** on which the employer has the burden of proof. Corning Glass Works v. Brennan, 417 U.S. 188 (1974). Exemptions to the Fair Labor Standards Act ("FLSA") as incorporated into NYLL are to be narrowly construed, with the employer bearing the burden of proving that employees fall within exemption. Martin v. Malcolm Pirnie, Inc. 949 F.2d 611 (2d Cir. 1991). The employer must show that the employee fits "plainly and unmistakenly within [the exception's] terms." Arnold v. Ben Kanowsky, Inc., 361 U.S. 388 (1960). As the Second Circuit stated, "consistent with the remedial purposes of the FLSA, we do not give FLSA exemptions generous application." Reich v. State of N.Y. 3 F.3d 581 (2d Cir. 1993). See also Settlement Home Care, Inc. v. Industrial Board of Appeals of NYS Department of Labor, 151 A.D.2d 580, 81 (2d Dep't 1989) (reaffirming that exemptions under NYLL are affirmative defense which must be plead and proved by the employer).

New York does not have an overtime statute per se. However, the New York Minimum Wage Act ("NYMWA") authorizes the New York State Department of Labor ("NYSDOL") to enact regulations under the NYMWA and pursuant to this authority, the NYSDOL enacted a regulation at 12 NYCRR § 142-2.2 which governs the payment of overtime wages in New York State. The regulation at 12 NYCRR § 142-2.2 reads in relevant part as follows:

> Section 142-2.2 Overtime rate.
>
> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended; provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall

pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half times the basic minimum hourly rate. The Fair Labor Standards Act is published in the United States Code, the official compilation of Federal statutes, by the Government Printing Office, Washington, DC. Copies of the Fair Labor Standards Act are available at the following office:
New York State Department of Labor
Counsel's Office
State Office Building
Campus, Building 12, Room 509
Albany, NY 12240-0005

As the regulation itself states, overtime shall be paid "in the manner and methods" of the Fair Labor Standards Act ("FLSA") at 29 U.S.C 201 et Seq. As defendant also points out (Def. Memo. 11), the caselaw, regulations and jurisprudence developed under the FLSA are used to analyze overtime cases under 12 NYCRR § 142-2. See Scott Wetzel Services Inc. v. New York State Bd. of Indus. Appeals 252 A.D.2d 212, 682 N.Y.S.2d 304 (3d Dep't 1998). Ansoumana v. Gristede's Operating Corp. 255 F.Supp.2d 184, 189 (S.D.N.Y. 2003). Lopez v. Silverman, 14 F.Supp.2d 405, 411 n. 4 (S.D.N.Y.1998).

### 2. DEFENDANT'S MOTION TO DISMISS ON THE BASIS OF THE OUTSIDE SALESPERSON EXEMPTION SHOULD BE DENIED

Defendant's leading argument for dismissal of the overtime claims is that plaintiff is exempt from receiving overtime under the outside salesperson exemption of the FLSA and NYLL. Defendant's argument quickly fails. At the outset, defendant concedes that it cannot prove this defense based on the allegations in the complaint – the analysis should end here especially because a motion to dismiss at the pre-answer stage is not the place to prove disputed factual issues and because plaintiff is not required to plead and prove defendant's affirmative defense. However, defendant argues that the Court should take as true, the allegations in the complaint in another case that was filed in 2011. (Def. Memo. 9). This argument is beyond frivolous. Defendant cites only

<u>380544 Canada, Inc. v. Aspen Tech., Inc.</u>, 544 F. Supp. 199, 214 (S.D.N.Y. 2008) and describes <u>Canada, Inc.</u> as "finding that a complaint that quoted from a prior class action complaint incorporated by reference the allegations in the class complaint." A review of the complaint in the instant action reveals that it does not reference or quote from any other complaint or the complaint in the case defendant refers to as the "First Case." The complaint herein at paragraph 26 states that, "Upon information, defendant has a common policy of not paying the required overtime to a class of over a hundred other current and former employees who are similarly-situated to plaintiff." Because this is an individual action and not a class action, plaintiff did not bring this case on behalf of any other similarly-situated persons, did not state what made her similarly-situated to anyone else and did not state that she was similarly situated to the plaintiffs in the "First Case." In fact, plaintiff's counsel was not aware of and did not rely on the complaint in the "First Case" when he drafted and filed the complaint in this case. In fact, the first time I read the complaint in the "First Case" was after the current motion to dismiss was filed – in deciding whether to file this case, plaintiff's counsel analyzed the facts and applicable law in this case. Moreover, in the <u>Canada, Inc.</u> case cited by defendant, the court did not take as true, any factual allegations in the prior case as defendant seeks to do here – the court in <u>Canada Inc.</u>, used the class definition in the prior case to conclude that the plaintiffs in the later action were not included in the earlier class action and could not benefit from the tolling of the statute of limitations that putative class members enjoy in a class action case. The fact that defendant had to erroneous claim that plaintiff quoted from another complaint in order to rely on <u>Canada Inc.</u>, and then misapplied <u>Canada Inc.</u>, and also did not cite any other case or any appellate case, or any binding case from the Second Circuit or Supreme Court, further highlights that defendant's "incorporation" arguments are without merit.

Even if plaintiff's complaint herein had contained or incorporated the allegations in the

"First Case," defendant's argument would still fail quickly. Defendant states in relevant part that (Def. Memo. 9):

> The outside sales exemption's second requirement is that the employee be "customarily and regularly engaged away from the employer's place or places of business in performing such primary duty." 29 C.F.R. § 541.500(a)(2).

However, defendant mysteriously did not provide this Court with the regulation which defines "Away from the employer's place of business." The regulation at 29 CFR § 541.701 (b) states that:

> "Away from the employer's place of business" means the outside sales employee makes sales at the customer's place of business or, if selling door-to-door, at the customer's home. Outside sales does not include sales made by mail, telephone or the Internet unless such contact is used merely as an adjunct to personal visits to the customer.

Here, the "customer" is the elderly person that is recruited to join the insurance plan, and obviously, a place such as Rite Aide pharmacy is not the "customer's place of business," or the "customer's home." Defendant is even more obviously wrong when we strictly construe the exemption and the above definition against the employer, as the law requires, and in light of the Second Circuit's warning that, "we do not give FLSA exemptions generous application." It is important to remember that there is a presumption under the FLSA that employees are entitled to overtime pay and in keeping with the public policy and the remedial purpose behind the FLSA, the courts place a heavy burden on a defendant who seeks to deny an employee overtime pay by invoking an excuse or exemption.

Moreover, the regulation at 29 CFR § 541.502 (c) states in relevant part that:

> Any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property.

If for example, the depositions, document production and other discovery show that plaintiff

7 7

operated from Rite Aide week after week - a fixed site like a Rite Aide store would be "considered one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property." In addition, discovery is likely to reveal that defendant's employees who operated from Rite Aide and HHC's hospitals were allowed to do so through agreements between defendant and these entities to market and sell defendant's insurance products and that defendant had a continuing business interest in these locations.

Significantly, defendant did not mention its fleet of recreational vehicles ("RVs"). Discovery is likely to show that these RVs were equipped as offices and that customers came into the RVs and that promotional and sales worked occurred in these RVs as well, and that these RVs were undoubtedly the place of business of defendant.

There is more evidence that the above analysis is correct and that in actuality, defendant itself agrees that plaintiff is not exempt for the overtime pay requirements of the FLSA and NYLL. Discovery will show upon information and belief, that starting around April 2011 to the end of plaintiff's employment on or about August 31, 2011, defendant classified plaintiff as "Non-Exempt" as reflected on her paystub, and paid her overtime for this period, though defendant still violated the FLSA and NYLL for this period by failing to include the commissions in the calculation of overtime as required by 29 CFR § 778.117 which reads in relevant part as follows:

> Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission. It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular rate.

8

Discovery will reveal for example, that plaintiff's pay stub for the pay period ending August 20, 2011 stated that she was "Non-Exempt," and shows that plaintiff was paid a regular rate of $22.7788 an hour and was paid for her overtime hours during this pay period at a rate of $34.1682. The "YTD" or year to date data on the paystub also shows that plaintiff earned hundreds of dollars in commissions each week which were not included in the calculation of the overtime pay in violation of 29 CFR 778.117. For the earlier period before April 2011, plaintiff worked overtime but was not paid the required overtime wages.

Not only is defendant unlikely to carry its burden of proof at summary judgment or trial – principles of estoppel will also prevent defendant from changing its "Non-Exempt" classification of plaintiff. While principles of estoppel and so on cannot be used to deny an employee overtime pay (see Caserta v. Home Lines Agency, Inc., 273 F.2d 943, 944, 946 (2d Cir.1959)), they can be used against the employer so that the employee receives overtime pay.

What the above analysis shows is that the exemption issue requires a fact-intensive inquiry that is based on an examination of the actual duties of the plaintiff. In this regard, the court in Khan v. IBI Armored Services, Inc., 474 F.Supp.2d 448, 456 (E.D.N.Y., 2007, Judge Eric N. Vitaliano) stated in relevant part as follows:

> When the evidentiary dross is poured off, the molten mass of [the employer's] proof must meet the gold standard of the "actual duties" test.

The application of the "actual duties" test cannot be performed at the pre-answer stage. In Khan, a case in which plaintiff's counsel here represented the plaintiff there[3], the court denied

---

[3] Plaintiff's counsel mentions his involvement in these cases and his knowledge of evidence such as the paystubs in this action showing "non-exempt" status not to provide testimony but to reassure the Court that the proffer that discovery is needed does not come out of thin air but is based on actual

summary judgment and held the case over for trial because the exemption issue required a fact-intensive inquiry. The Court's decision following the bench trial in Khan (see 474 F.Supp.2d 448) is a good example of the fact-intensive inquiry that these FLSA exemptions require. While it is sometimes possible to resolve the exemption issue on summary judgment, this is generally because the employer has the burden of proving the exemption and because the exemption is strictly construed against the employer etc. In Barfield v. New York City Health and Hospitals Corp., 537 F.3d 132 (2d Cir., 2008), another case plaintiff's counsel was involved in, the Second Court upheld the summary judgment finding that the plaintiff was an employee of the defendant entitled to overtime but noted that the case was sort of unique – usually, that sort of fact-intensive inquiry requires a trial. Most likely because of these and other applicable standards, we can find no case, where a court ruled in the employer's favor on a hotly contested exemption issue at the pre-answer, motion to dismiss stage. Plaintiff should be able to obtain summary judgment on the exemption issue following discovery because the evidence and law are very much against defendant.

### 3. DEFENDANT'S MOTION TO DISMISS THE CLAIMS FOR UNPAID COMMISSIONS SHOULD BE DENIED

Defendant moves to dismiss plaintiff's claims for unpaid commissions on the grounds that the subject commissions were not earned and alternatively, on the grounds that a claim was not stated. In arguing that the commissions were not earned, defendant relies on what it claims is a compensation plan and the testimony of its defense counsel, Mr. Klugman. This alleged compensation plan cannot be considered on this motion because: 1) it is not part of the complaint; 2) the foundation for it is the testimony of defense counsel which has no probative value; 3) the document raises more questions than it answers; and 4) it is not a writing signed by the parties as

---

and related experience with FLSA exemptions in other case and in light of the facts and law in this case.

required by NYLL 191(1)(c).

On the question of whether the commissions are earned, we begin with NYLL 191(1)(c) which states in relevant part as follows:

> Commission salespersons.--A commission salesperson shall be paid the wages, salary, drawing account, commissions and all other monies earned or payable in accordance with the agreed terms of employment, but not less frequently than once in each month and not later than the last day of the month following the month in which they are earned; provided, however, that if monthly or more frequent payment of wages, salary, drawing accounts or commissions are substantial, then additional compensation earned, including but not limited to extra or incentive earnings, bonuses and special payments, may be paid less frequently than once in each month, but in no event later than the time provided in the employment agreement or compensation plan. The employer shall furnish a commission salesperson, upon written request, a statement of earnings paid or due and unpaid. The agreed terms of employment shall be reduced to writing, signed by both the employer and the commission salesperson, kept on file by the employer for a period not less than three years and made available to the commissioner upon request. Such writing shall include a description of how wages, salary, drawing account, commissions and all other monies earned and payable shall be calculated. Where the writing provides for a recoverable draw, the frequency of reconciliation shall be included. Such writing shall also provide details pertinent to payment of wages, salary, drawing account, commissions and all other monies earned and payable in the case of termination of employment by either party. The failure of an employer to produce such written terms of employment, upon request of the commissioner, shall give rise to a presumption that the terms of employment that the commissioned salesperson has presented are the agreed terms of employment.

Here, in violation of the statute, defendant has not produced any commission agreement signed by plaintiff. As such, there is "a presumption that the terms of employment that the commissioned salesperson [Ms. DeJesus] has presented are the agreed terms of employment. Plaintiff alleges in paragraph 21 of the complaint as follows:

> As part of her wage agreement with defendant, plaintiff and defendant agreed that plaintiff would be paid a commission for each person recruited to join the insurance programs promoted by defendant, in addition to a regular non-commission wage.

As put forth by plaintiff, and drawing all reasonable inferences in her favor on this motion, plaintiff was entitled to a commission for each person recruited. As put forth by plaintiff, the commission agreement does not permit defendant to keep her commissions if her employment

11

11

ended. Moreover, in the absence of an agreement or a valid or binding agreement, courts apply the common law rule that an employee who "produces a person ready and willing to enter into a contract upon his employer's terms has earned his commissions." <u>Feinberg Bros. Agency, Inc. v. Berted Realty Co., Inc.</u>, 70 N.Y.2d 828, 830, 517 N.E.2d 1325, 1326, 523 N.Y.S.2d 439, 440 (1987). Defendant does not dispute that plaintiff produced ready, willing and able buyers for its insurance and that plaintiff has not been paid a commission for each such person that she produced. Plaintiff has actually done a lot more than that - as alleged in paragraph 21 of the complaint, plaintiff only seeks commissions for persons whom she recruited and who actually joined defendant's insurance plan. The discovery will show that if plaintiff signed up a customer on May 10, 2010 for example, that person's insurance coverage would have taken effect on June 1, 2010 with all the benefits that comes with the insurance, including payment to doctors etc.

While employer and employee can agree to alter the common law rule, NYLL 191(1)(c) requires such an agreement to be in writing signed by plaintiff and defendant and defendant has not produced any such writing in this action. Even if such an agreement existed, it would be void in violation of NYLL 191(1)(c) because the purported plan/agreement put forth by defendant and attached to defense counsel's declaration, contains a provision which gives defendant the right to modify the plan at any time without the consent of plaintiff – a violation of NYLL 191(1)(c) which requires a written agreement signed by the parties. Importantly, NYLL 191(1)(c) was amended in 2007 to specifically require commission wage agreements to be in writing signed by both sides. The amendment was intended to simplify the resolution of wage claims by saving the employee from lengthy litigation that may be needed to prove the terms of the commission agreement – no more lengthy proceedings over custom, usage and dealings. All employment after 2007 is covered by the amendment and in reviewing the cases, the Court should be alerted to pay

close attention as to whether the commission wages in question predated the 2007 amendment.

While defendant's arguments and purported evidence fail as a matter of law, in any event, such disputes as to the terms of the agreement can only be resolved through discovery and trial – not on a motion to dismiss at the pre-answer stage of litigation.

### 4. THE CLAIMS IN THE COMPLAINT ARE ADEQUATELY STATED

In the alternative, defendant argues that the complaint should be dismissed for lack of factual detail. (Def. Memo. 10). In this regard, defendant states in relevant part as follows (Def. Memo. 10):

> Among other deficiencies, the Complaint fails to allege the required details of Plaintiff's employment, including what position Plaintiff held, her dates of employment and where she made the sales for which she claims she is entitled to commission.

Defendant is very wrong mainly because defendant seems to misunderstand the elements of an overtime cause of action as well as the difference between a cause of action and an affirmative defense. As to the elements of an overtime cause of action, defendant states in relevant part as follows (Def. Memo 6):

> To properly plead a claim to recover unpaid overtime wages under the FLSA, a plaintiff must show that "'(1) he was an employee who was eligible for overtime *([i.e.,]* not exempt from the Act's overtime pay requirements); and (2) that he actually worked overtime hours for which he was not compensated."'

Contrary to defendant's arguments, plaintiff is not required to plead or prove that he is "not exempt from the Act's overtime pay requirements." As explained above at pages 4-5, the U.S. Supreme Court as well as the Second Circuit, have repeatedly held that whether an employee is exempt from the overtime pay requirements of the FLSA **is an affirmative defense** on which the employer has the burden of pleading and proving.

In addition, defendant states in relevant part as follows (Def. Memo. 11):

13

>The Complaint is also deficient in that it fails to approximate the number of overtime hours allegedly worked.

In Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court stated that "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Here, plaintiff has alleged facts which state both elements of an overtime cause of action under the FLSA and NYLL. Simply because facts have material legal significance does not mean those facts are transformed into legal conclusions. The allegations (Comp. ¶ 24-25) that plaintiff worked more than 40 hours in a week and was not paid at least 1.5 times her regular rate for all the hours over forty, are factual allegations – they are not mere legal conclusions. Plaintiff went even further and explained in her complaint that for one period of her employment, defendant paid no overtime at all and for another period defendant paid overtime but failed to include the commissions in the overtime calculations and payments. (See Comp. ¶ 27, 29 CFR 778.117). If these factual allegations are taken as true as they must under Twombly and Iqbal, the overtime claims under the FLSA and NYLL are not only stated with plausibility, they are stated with certainty. The already obvious "plausibility" is enhanced further by the fact that defendant does not dispute plaintiff's claim that she was not paid the overtime required by the FLSA and NYLL. Instead, defendant invokes an exemption – an affirmative defense that defendant must plead and prove and states in essence, that even though it did not pay plaintiff the overtime she is claiming, it was not required to pay her such overtime wages because of the exemption.

Defendant's argument about the lack of factual detail and the district court cases upon which this argument is based are extremely flawed and contrary to controlling law and have no value whatsoever on the issues that are the subject of defendant's motion. (Def. Memo. 10-11). First, the subject district court cases, contrary to Second Circuit and Supreme Court precedent as laid out above, are based on the erroneous belief that an FLSA plaintiff must allege and prove he is not exempt. In this regard, the type of details defendant claims plaintiff should have alleged, as

well as many others, may be relevant to the issue of exemption and other matters but not to the statement of an overtime claim under the FLSA. Second, defendant and the subject district court cases cite to any Second Circuit or Supreme Court precedent in support of their erroneous reasoning and holdings – if they had relied on such higher authorities as cited above, they would not have erred. Third, and very significantly, the district court cases cited by defendant failed to analyze the effect of the FLSA's record-keeping requirements. In this regard, the context of the FLSA and NYLL play a pivotal role in the analysis of whether an overtime claim is adequately stated. In Iqbal, the Supreme Court stated in relevant part of follows:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

In the context of the FLSA and NYLL, the record-keeping requirements imposed on the employer by the law play a critical role in the analysis of whether an overtime claim is stated. The FLSA at 29 USC 211(c) and 29 CFR 516.2, 516.4 as well as NYLL at 12 NYCRR 142-2.6 required defendant to keep detailed records of plaintiff's employment including her position, her regular wage rate, her overtime wage rate, her weekly hours worked and weekly regular and overtime wages paid. NYLL 195(3). In enacting these statutes and regulations, the legislatures and the administrative agencies respectively concluded in their sound judgment that the information contained therein should be enough to determine an employee's entitlement to overtime and the calculation of overtime damages at trial etc. Importantly, the record- keeping requirements were imposed on the employer and not the employee. See Kuebel v. Black & Decker Inc., 643 F.3d 352 (2d Cir. 2011) ("it is important to recognize that an employer's duty under the FLSA to maintain accurate records of its employees' hours is non-delegable."). As the Supreme Court recognized in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946), the employer is required to keep the records for the benefit of the employee to use in

15 15

proving his wage case. Under the Supreme Court's precedent in <u>Anderson</u>, a burden-shifting framework is triggered if the employer fails to produce wage and time records in the case. As such, it would be illogical and in contravention of <u>Anderson</u>, for plaintiff to provide in his complaint, details contained in the wage records defendant was required to keep for plaintiff's benefit before defendant has produced those records in this case. In fact, because the details defendant complains are lacking, can be found in the records defendant was required to keep by law, defendant already has that information and is able to use it in responding to the complaint. In light of those records, it is not surprising that defendant does not deny plaintiff's factual allegations that she was not paid time and a half overtime pay by defendant.

Defendant also argues that the unpaid commission claims are lacking in factual support and states that (Def. Memo. 11):

> Plaintiff's breach of contract claim should still be dismissed for failing to provide the necessary detail to state a plausible breach of contract claim.

Contrary to defendant's arguments, the complaint contains sufficient details to state a claim for unpaid commissions under NYLL and common law breach of contract. At the outset, defendant agrees there was a contract for the payment of commissions. Plaintiff alleges (Comp. ¶ 21) that the wage contract entitled her to a commission for each person recruited to join plaintiff's insurance programs and further alleges that she is owed the commissions for the period immediately preceding her termination. Defendant alleges that the contract for commissions had additional conditions. However, the fact that plaintiff and defendant disagrees about the terms of the contract does not mean that plaintiff has not stated a claim for breach of the wage agreement. Moreover, when the subject of the contract is wage commissions, it is governed by NYLL 191(1)(c) which places the burden of having a written contract on the employer and specifically requires the employer to produce such contract when a claim for commissions is made and said

statute specifically states that defendant's failure to produce such a written agreement, "shall give rise to a presumption that the terms of employment that the commissioned salesperson has presented are the agreed terms of employment." See NYLL 191(1)(c). Defendant has not carried it burden of producing a signed written contract so plaintiff's version of the contract is presumed to be correct, even though we need not even go this far at this pre-answer stage of the litigation.

All claims in the complaint including those for unpaid overtime wages and unpaid commissions are adequately stated and defendant's motion to dismiss should be denied.

### 5. THE TALE OF TWO CASES

Defendant urges this court to rely on Alburquerque v. Healthfirst, Inc., Civ. No. 11-2634 (FB) but makes no mention of Willix v. Healthfirst, Inc., Civ. No. 07-1143 (REY). Defendant boasts that it convinced the plaintiffs in Alburquerque to withdraw their case and as such, the instant case should also disappear. Such wishful thinking is not a substitute for good legal analysis based on a correct application of the law. While not much is known about the disposition of Alburquerque because there was no judicial decision disposing of the matter, it seems that the the big difference between Alburquerque and Willix was the nature of the advocacy. In Willix, the plaintiffs were represented by a well-known employment law firm that spent several years vigorously representing the plaintiffs in their overtime case against defendant. The result in Willix was a court-approved settlement of $7,675,000. See Docket # 304, 312, Civ. No. 07-1143. Defendant will claim that the two cases are different and will offer a lengthy and convoluted explanation about Medicaid versus Medicare reps. However, this explanation is merely spin, because as discovery will show Medicaid and Medicare representatives were often working side by side and the places they usually operated from were not the customer's place of business. Moreover, after the Willix case, defendant itself classified plaintiff as "Non-Exempt" and started

paying her overtime, though it failed to include commissions in the calculation as required by 29 CFR 778.117.

Neither of the Alburquerque or Willix cases resulted in a decision on the merits and as such are of no precedential value. However, since defendant endeavored to mention one, the picture would be incomplete without a mention of the other. Nonetheless, the cases do highlight, at least anecdotally, the importance of advocacy. Our adversarial system relies heavily on advocates and if the arguments are not made they will not be considered by the Court. There is no evidence that the many arguments made herein were ever made and ruled upon in Alburquerque – in fact, the law as outlined above would seem to warrant a ruling in plaintiff's favor at summary judgment or trial. In general, even with judicial opinions, the Court and parties using them should also focus on whether similar arguments were made and not just look at the result. If similar arguments were not made, the court should perform its own analysis and rule.

### III. CONCLUSION

Based on the foregoing, plaintiff kindly requests that this Honorable Court dismiss defendant's motion to dismiss in its entirety with prejudice, together with such other, further and different relief, this Court deems just and proper.

Dated: Queens Village, New York
May 29, 2012

Respectfully submitted,

/s/ Abdul Hassan
Abdul Karim Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue
Queens Village, New York 11427
Tel: 718-740-1000