**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

RAMONA DEJESUS,

                        *Plaintiff*,

            -against-

HF MANAGEMENT SERVICES, LLC
a/k/a HEALTHFIRST,

                        *Defendant*.

Civ. No. 12-1298 (ERK) (RML)

ECF Case

---

**REPLY MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT HF MANAGEMENT SERVICES, LLC'S**
**MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    PLAINTIFF'S FLSA OVERTIME CLAIM SHOULD BE DISMISSED............................................ 2

        A.  Plaintiff Is An Outside Salesperson Exempt from the FLSA
            Overtime Requirements ................................................................................................ 2

        B.  Alternatively, Plaintiff Fails to Allege the Necessary Factual Foundation
            to Plead a Plausible FLSA Claim.................................................................................. 7

    II.   PLAINTIFF'S NYLL OVERTIME CLAIM SHOULD BE DISMISSED......................................... 10

    III.  PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED ............................... 10

    IV.  PLAINTIFF'S NYLL CLAIM SEEKING UNPAID COMMISSIONS SHOULD BE DISMISSED ....... 11

CONCLUSION............................................................................................................................. 14

i

## TABLE OF AUTHORITIES

**CASES**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................... 9

*Broder v. Cablevision Sys. Corp.*, 418 F.3d 187 (2d Cir. 2005) ................................................ 11

*Cuervo v. Opera Solutions LLC*, 928 N.Y.S.2d 26 (1st Dept. 2011) ......................................... 11

*DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497
    (E.D.N.Y. 2011) ................................................................................................................. 8, 10

*Dwyer v. Burlington Broad., Inc.*, 744 N.Y.S.2d 55 (3d Dept. 2002) ........................................ 12

*Graff v. Enodis Corp.*, No. 02 Civ. 5922 (JSR), 2003 WL 1702026
    (S.D.N.Y. Mar. 28, 2003) ....................................................................................................... 12

*James v. Countrywide Fin. Corp.*, No. 10 CV 4953 (DRH) (WDW), 2012 WL 359922
    (E.D.N.Y. Feb. 2, 2012) ........................................................................................................ 7, 8

*Kronick v. L.P. Thebault Co.*, 892 N.Y.S.2d 895 (2d Dept. 2010) ............................................ 13

*Lane v. Humana*, No. 1:09-CV-380-MHW, 2011 WL 2181736 (D. Idaho Jun. 3, 2011) ......... 6, 7

*McEntee v. Van Cleef & Arpels*, 561 N.Y.S.2d 25 (1st Dept. 1990) ......................................... 13

*Nakahata v. N.Y.–Presbyterian Healthcare Sys.,* 10 Civ. 2661 (PAC),
    2011 WL 321186 (S.D.N.Y. Jan. 28, 2011) ......................................................................... 8, 9

*Pachter v. Bernard Hodes Group Inc.*, 891 N.E.2d 279 (N.Y. 2008) ........................................ 12

*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998) ........................................ 3

*Pruell v. Caritas Christi*, No. 09-11466-GAO, 2010 WL 3789318 (D. Mass. Sept. 27, 2010) ... 10

*Srour v. Dwelling Quest Corp.*, 808 N.Y.S.2d 128 (2005) ........................................................ 12

*Tracy v. NVR, Inc.*, 599 F. Supp. 2d 359 (W.D.N.Y. 2009) ..................................................... 6

*Zhong v. August August Corp.*, 498 F. Supp. 2d 625 (S.D.N.Y. 2007) .................................... 9

**STATUTES & OTHER AUTHORITIES**

28 U.S.C § 1746 ........................................................................................................................... 11

29 C.F.R. § 541.500 ................................................................................................................... 3, 5

29 C.F.R. § 541.502 ..................................................................................................................... 5

29 C.F.R. § 541.701 ..................................................................................................................... 5

NYLL § 191 ...................................................................................................................... 3, 11, 12

Local Civ. Rule 1.9 ...................................................................................................................... 11

Defendant HF Management Services, LLC ("Healthfirst"), respectfully submits this reply memorandum of law in further support of its motion to dismiss Plaintiff Ramona Dejesus's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's Complaint suffers from a number of material infirmities that remain uncured by Plaintiff's opposition papers. As demonstrated in Healthfirst's opening memorandum ("Def. Mem."), and as further shown below, because Plaintiff's own allegations establish her inability to substantiate her Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL") and breach of contract claims, her Complaint must be dismissed as a matter of law.

The Court should dismiss the FLSA and NYLL unpaid overtime claims because Plaintiff's own allegations establish that she is an outside salesperson exempt from the overtime pay requirements. In satisfaction of the exemption's first prong, Plaintiff, a Medicare Sales Representative, concedes that she was employed as a commission salesperson. As for the exemption's second prong, Plaintiff concedes that she regularly engaged in her sales activity away from Healthfirst's offices, often making her commission sales at a Rite Aid Pharmacy location. Plaintiff cannot disaffirm her own allegation that she is "similarly-situated" to a "class" of Medicare Sales Representatives who brought a prior suit in this District styled *Alburquerque v. Healthfirst, Inc.*, Civ. No. 11-2634 (FB) (the "First Case") (Compl. ¶ 26), and the Court should conclude that, like those same Medicare Sales Representatives, Plaintiff is an exempt outside salesperson. Accordingly, the Court should dismiss Plaintiff's unpaid overtime claims as a matter of law.

Alternatively, because Plaintiff concedes that the Complaint fails to satisfy the well-established pleading standards for substantiating plausible FLSA and NYLL unpaid overtime claims (*see* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl. Opp. Mem.") at 14) these claims should be dismissed as a matter of law.

In addition, Plaintiff's breach of contract and NYLL unpaid commission claims should be dismissed because Healthfirst's written Compensation Plan establishes that she was not entitled to the commissions that are the subject of these claims. Plaintiff misguidedly argues that while an agreement regarding commission payment exists, she is not bound by its terms because it is void as a result of her failure to sign it. (*Id.* at 11.) Not only is such a contradiction fatal to her claim of entitlement to post-termination commission pursuant to the agreement, but as shown below, it is also contrary to settled law. Here, Plaintiff does not and cannot dispute that: (i) the Compensation Plan exists; (ii) she was aware of its existence; and (iii) she worked under it, accepting the benefits therefrom. Accordingly, the Court should conclude that the Compensation Plan requires dismissal of Plaintiff's unpaid commission claims, or, alternatively, that they are not plausibly stated as a result of Plaintiff's failure to plead the terms of her commission agreement with Healthfirst.

## ARGUMENT

### I. PLAINTIFF'S FLSA OVERTIME CLAIM SHOULD BE DISMISSED

#### A. Plaintiff Is An Outside Salesperson Exempt from the FLSA Overtime Requirements

The Complaint establishes as a matter of law that Plaintiff is an "outside salesperson" exempt from the FLSA overtime requirements; her FLSA claim should therefore be dismissed with prejudice.

As detailed in Healthfirst's opening brief (Def. Mem. at 6), an employee will be considered an outside salesperson who is exempt from the FLSA overtime requirements if: (1) her primary duty consists of making "sales" or obtaining orders or contracts for services; and (2) she is "customarily and regularly engaged away from the employer's place or places of business in performing such primary duty." *See* 29 C.F.R. § 541.500. While Healthfirst bears the burden of establishing this exemption as an affirmative defense, the Court may grant a pre-answer motion to dismiss based on an affirmative defense where the defense is established as a matter of law by the allegations in the Complaint. *See, e.g.*, *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

Here, the Complaint's allegations establish the outside-salesperson exemption as a matter of law. First, because Plaintiff has conceded that her primary duty was to make sales as a commission salesperson (Compl. ¶ 21), there is no dispute that her allegations satisfy the duties prong of the outside-salesperson exemption. Plaintiff's contention that "the exemption issue requires a fact-intensive inquiry that is based on an examination of the actual duties of the plaintiff," is therefore meritless. (Pl. Opp. Mem. at 9.) Second, because the allegations in the Complaint establish that Plaintiff engaged in her sales activity away from Healthfirst's place of business, the Complaint establishes that she satisfies the second prong of the test for exemption.

### 1. *Plaintiff Concedes that her Primary Duty was to Make Sales*

Plaintiff does not dispute that the Complaint and the documents integral thereto establish that her primary duty was to make sales. In fact, Plaintiff concedes that she was a "commission salesperson" as that term is defined by NYLL § 191(1). (Pl. Opp. Mem. at 11.) Plaintiff further concedes and the Complaint alleges that she was paid a commission to recruit customers to join Healthfirst's insurance plans. (*Id.* at 1; *see also* Compl. ¶ 21.) Given these

3

concessions, the Court should reject Plaintiff's assertion that the Court cannot determine her actual duties as a matter of law on a pre-answer motion (Pl. Opp. Mem. at 9-10) and instead conclude that Plaintiff, as a matter of law, satisfies the first prong of the outside-salesperson exemption.

### 2. *The Complaint Establishes that Plaintiff Engaged in Her Sales Activity Away from Healthfirst's Place of Business*

Plaintiff incorrectly asserts that Healthfirst has conceded that the allegations in the Complaint are insufficient to establish the second prong of the outside-salesperson exemption. To the contrary, Healthfirst contends that Plaintiff's allegations establish that she performed her sales duties away from Healthfirst's place of business as a matter of law. The Complaint specifically references the First Case complaint by a putative class of Medicare Sales Representatives and alleges that Plaintiff is "similarly-situated" to the Medicare Sales Representatives in that case (Compl. ¶ 26)—employees who alleged that they were "deployed" to various locations outside of Healthfirst's place of business, "such as hospitals, clinics, physician's offices, and government agencies offices," for the purpose of enrolling members in Healthfirst's Medicare Plan. (*See* Exhibit A ("Ex. A") to the Affidavit of Scott B. Klugman in Support of Motion to Dismiss ("Klugman Aff.") [Doc. No. 12], First Case Compl. ¶¶ 4, 26.)[1] Plaintiff thus affirmatively incorporated by reference the allegations of the putative class complaint into her own Complaint. Plaintiff's present attempt to disavow those allegations— especially where Plaintiff has not pleaded otherwise in the Complaint—should not be abided;

---

[1] Plaintiff attempts to confuse the issue by referring to a settlement in another class action, *Willix v. Healthfirst*, Civ. No. 07-1143 (ENV) (RER). *Willix* is irrelevant because it involved employees who were Medicaid Marketing Managers who disputed that they made any sales. Although Plaintiff omits any mention of her job title in the Complaint, she does not deny that she was employed as a Medicare Sales Representative—as opposed to Medicaid—a completely different job, with different duties and regulations from those of the *Willix* employees. (*See, e.g.,* Pl. Opp. Mem. at 17.) Moreover, if Plaintiff were a Medicaid Marketing Representative, her claim would have been resolved in the *Willix* settlement.

instead, the Court should hold Plaintiff to all of the allegations that she chose to include in her Complaint, which establish as a matter of law that Plaintiff was engaged away from Healthfirst's place of business.

Plaintiff faults Healthfirst for "mysteriously" not providing the Court with the regulation that defines "away from the employer's place of business," which she identifies as 29 C.F.R. § 541.701(b). (Pl. Opp. Mem. at 7.) As an initial matter, Plaintiff cites to the wrong regulation.[2] What is more, Plaintiff misquotes the applicable regulation: 29 C.F.R. § 541.502. Contrary to the misquote in Plaintiff's brief, the regulation does not limit the meaning of the phrase "away from the employer's place of business" to only the customer's place of business or home. (Pl. Opp. Mem. at 7.) In fact, the regulation makes clear that, while an employer's "place of business" may include certain locations away from an employer's physical office, such locations are limited to "fixed site[s]" that are "used by a salesperson as a headquarters." 29 C.F.R. § 541.502. The regulation provides:

> An outside sales employee must be customarily and regularly engaged "away from the employer's place or places of business." The outside sales employee is an employee who makes sales at the customer's place of business or, if selling door-to-door, at the customer's home. Outside sales does not include sales made by mail, telephone or the Internet unless such contact is used merely as an adjunct to personal calls. *Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property.*

*Id.* (emphasis added).

In addition to misquoting the regulation, Plaintiff disregards the decisions cited in Healthfirst's opening brief that reject the same limitation she applies to the term "away from the

---

[2]  Section 541.701, to which Plaintiff cites, actually defines the phrase "customarily and regularly." That phrase is included in the second prong of the outside-salesperson exemption, which requires that the employee be "*customarily and regularly* engaged away from the employer's place or places of business in performing such primary duty." 29 C.F.R. § 541.500(a)(2) (emphasis added).

5

employer's place of business." Notably, in *Tracy v. NVR, Inc.*, 599 F. Supp. 2d 359 (W.D.N.Y. 2009), the court specifically rejected the same "ingenious[]" argument that Plaintiff advances here. *Id.* at 363. As in the present case, the *Tracy* plaintiff asserted that "section 541.502's definition of the term 'away from the employer's place of business' as the customer's home or business is mandatory and exclusive, thereby rendering every other conceivable sales location 'the employer's place of business by default.'" *Id.* In rejecting this argument, the court held that there was "*no practical basis*, in the regulations or elsewhere, upon which to base such a conclusion, *particularly in light of the regulations' provision of a more limited definition for the term 'employer's place of business.*'" *Id.* (emphases added). The court instead held that an "employer's place of business" is limited to locations in which the employer retains a "continuing business interest." *Id.*

Similarly, Plaintiff makes no attempt to distinguish *Lane v. Humana*, No. 1:09-CV-380-MHW, 2011 WL 2181736 (D. Idaho Jun. 3, 2011), a case squarely on point, where the court held that Medicare Sales Representatives who were regularly situated at the same public location, such as a Wal-Mart store, were exempt outside-sales employees. (*Id.* at *9.) In a case brought by insurance salespeople who recruited individuals to join their employer's Medicare insurance plan, the Court rejected the plaintiff's argument that being regularly assigned to a Wal-Mart (or as Plaintiff contends, a Rite-Aid) constituted the employer's "place of business." *Id.* In concluding that these employees were exempt under the outside-salesperson exemption, the court stated:

> [T]he Court does not agree with Plaintiffs' contention that various public locations would also be considered [the defendant's] place of business. Not every public location where sales presentations, seminars, social functions and the like took place are [the defendant's] place of business. The regulations define "away from" as a "fixed site . . . used as a headquarters," while some of these public

6

locations that sales took place could arguably be considered "fixed sites," they were not used by Plaintiffs as headquarters.

*Id*.

In accordance with the regulations and these unchallenged authorities, the Court should find that the Rite Aids and other locations at which Plaintiff alleges similarly situated salespeople worked—namely, "hospitals, clinics, physician's offices, and government agencies offices" (Klugman Aff. Ex. A ¶¶ 4, 26)—do not constitute Healthfirst's place of business, and Plaintiff has therefore failed to present any questions of fact upon which relief may be granted.[3] In addition, because Plaintiff allegedly moved between these various locations, Plaintiff cannot be said to have used any of the locations as a "headquarters."[4]

Under these circumstances, the Complaint's allegations satisfy the second prong of the outside-salesperson exemption, and the Court should therefore dismiss Plaintiff's FLSA claim with prejudice.

### B. Alternatively, Plaintiff Fails to Allege the Necessary Factual Foundation to Plead a Plausible FLSA Claim

In the alternative, dismissal of Plaintiff's Complaint is warranted on the ground that it fails to allege facts necessary to plead a cognizable FLSA claim. Notably, Plaintiff concedes, as she must, that under the well-established precedent in this District cited in Healthfirst's memorandum of law, (*see* Def. Mem. at 6, 10 (citing *James v. Countrywide Fin. Corp.*, No. 10 CV 4953 (DRH) (WDW), 2012 WL 359922, at *21 (E.D.N.Y. Feb. 2, 2012);

---

[3] The Court should also reject Plaintiff's argument that Healthfirst should be estopped from claiming that Plaintiff is exempt under the outside-salesperson exemption based on its decision to begin paying Medicare Sales Representatives overtime in April 2011. Plaintiff cites to no authority in support of her contention that Healthfirst's payment of overtime to exempt employees destroys the outside-salesperson exemption. (Pl. Opp. Mem. at 9.)

[4] While Plaintiff references Healthfirst's RVs (*see* Pl. Opp. Mem. at 8), Plaintiff has not alleged that she ever worked at or out of a Healthfirst RV.

7

*DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 507-08 (E.D.N.Y. 2011)), the Complaint fails to contain the necessary factual foundation required to state a plausible FLSA claim. (Pl. Opp. Mem. at 14-15 (asserting that the Court should not follow these cases because they are "extremely flawed").) Under these standards, for a Complaint to survive a motion to dismiss, it must at a minimum allege: (i) the approximate number of unpaid overtime hours allegedly worked; (ii) where the plaintiff worked; (iii) what position the plaintiff held; and (iv) the plaintiff's dates of employment. *See, e.g.*, *James*, 2012 WL 359922, at *21; *DeSilva,* 770 F. Supp. 2d at 507-08. There is no dispute that Plaintiff's allegations fail to satisfy even this minimal pleading requirement, which should result in dismissal of Plaintiff's FLSA claim. *See, e.g.*, *James*, 2012 WL 359922, at *21 ("Simply stating that Plaintiffs were not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA."); *DeSilva*, 770 F. Supp. 2d at 508-09.

Rather than conceding that her Complaint is insufficient in light of this District's pleading standards, Plaintiff asserts that the Court should reject this "extremely flawed" precedent, arguing that it is based on "the erroneous belief that an FLSA plaintiff must allege and prove that he is not exempt." (Pl. Opp. Mem. at 14.) Plaintiff, in essence, asserts that all she need do is vaguely allege that she was employed by defendant and worked more than 40 hours per week in order to state a plausible FLSA claim and subject her employer to discovery. This unsupported argument is contrary to law for several reasons.

*First*, as with any claim, "the FLSA and the NYLL require that a complaint state more than vague legal conclusions to survive a Fed.R.Civ.P. 12(b)(6)." *Nakahata v. N.Y.– Presbyterian Healthcare Sys.,* 10 Civ. 2661 (PAC), 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011); *see also James*, 2012 WL 359922, at *21. The Supreme Court reinforced this settled rule

8

in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), stating that—contrary to Plaintiff's contention in her opposition papers—a plaintiff must do more than merely make "a blanket assertion of entitlement to relief" to plausibly state a claim. *Id*. at 556, n.3. As the Court stated, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id. Second*, the bulk of these well-established pleading requirements— including allegations as to Plaintiff's position and date of employment, and an approximation of the number of unpaid overtime hours—have no bearing on an FLSA exemption. To be sure, Plaintiff bears the burden of meeting these threshold requirements regardless of whether an affirmative defense exempts her from coverage. *Third*, Plaintiff does not and cannot offer any support for her assertion that the Court should deviate from these well-established pleading standards. In case after case, courts have dismissed complaints alleging FLSA violations that do little more than assert an entitlement to overtime without alleging any factual foundation. (*See* Def. Mem. at 6, 10 (collecting cases)); *see also*, *e.g.*, *Nakahata*, 2011 WL 321186, at *4; *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007)**.** This same result should follow here.

        The Court should also reject Plaintiff's unsupported assertion that her pleading obligations should be relaxed pursuant to the record-keeping requirements that the FLSA and NYLL imposes on employers (*see* Pl. Opp. Mem. at 15-16) especially here where Plaintiff is not asserting a class claim and indisputably has firsthand knowledge of the omitted information regarding her own duties, hours and pay. In fact, this Court has previously rejected this argument, holding that a plaintiff cannot avoid her obligation to approximate the number of overtime hours worked based on an assertion that the employer "'has better access to information

9

concerning hours worked or wages paid.'" *DeSilva*, 770 F. Supp. 2d at 510 (quoting *Pruell v. Caritas Christi*, No. 09-11466-GAO, 2010 WL 3789318, at *4 (D. Mass. Sept. 27, 2010)). This Court further stated that "'[e]ven when facts are peculiarly within the possession of a defendant, a plaintiff is not excused from his pleading obligations.'" *Id.* (quoting *Pruell*, 2010 WL 3789318, at *4).

Here, Plaintiff indisputably possesses the firsthand knowledge sufficient to approximate the number of hours worked per week and her hourly rate—not to mention that such information is also contained in her paystubs, of which she is clearly in possession (Pl. Opp. Mem. at 8)—as well as the locations of where she worked, what position she held and her dates of employment. The burden to allege such threshold details is hardly "onerous," yet Plaintiff fails to meet "even this minimal burden," and consequently the Complaint must be dismissed. *DeSilva*, 770 F. Supp. 2d at 510.

## II. PLAINTIFF'S NYLL OVERTIME CLAIM SHOULD BE DISMISSED

As Plaintiff concedes, NYLL also exempts employees who qualify as outside salespersons from its overtime requirements to the same extent as the FLSA. (Pl. Opp. Mem. at 5.) Accordingly, Plaintiff's NYLL overtime claim should be dismissed for the same reasons as Plaintiff's FLSA claim. (*See supra* I.A-B.)

## III. PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED

The parties do not dispute that under the express terms of Healthfirst's written Compensation Plan (Klugman Aff., Ex. B) Plaintiff is not entitled to any of the commissions sought in connection with her breach of contract claim. Instead, Plaintiff's sole and unsupported contention is that the Court should not consider the Compensation Plan in deciding this motion

10

because it was not attached to the Complaint, but was instead submitted by Healthfirst in connection with its motion to dismiss. (Pl. Opp. Mem. at 10.)[5]

Significantly, as detailed in Healthfirst's opening memorandum (Def. Mem. at 12), Plaintiff's position stands in stark contrast to well-established Second Circuit precedent, which holds that the contract underlying a breach of contract claim may be considered on a motion to dismiss even if not formally incorporated by reference because it is nevertheless "integral to the complaint." *See, e.g.*, *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196-97 & n.5 (2d Cir. 2005) (considering a contract attached to a Declaration filed with defendant's motion to dismiss in deciding a breach of contract claim).[6] Accordingly, the Court should consider the Compensation Plan and dismiss Plaintiff's breach of contract claim with prejudice.[7]

## IV. PLAINTIFF'S NYLL CLAIM SEEKING UNPAID COMMISSIONS SHOULD BE DISMISSED

Plaintiff does not oppose Healthfirst's contention that her allegations cannot sustain a claim pursuant to NYLL §§ 190 or 198. Instead, Plaintiff confines her opposition only to NYLL § 191 on a misguided theory that because § 191 "require[s] commission wage agreements to be in writing signed by both sides," the Compensation Plan is void under that section. (Pl. Opp. Mem. at 12.)[8] Not only is this argument legally untenable, it contradicts

---

[5] Plaintiff's other arguments in opposing dismissal of her unpaid commission claims pertain only to the NYLL-based claim.

[6] Plaintiff's characterization of the Compensation Plan as "testimony" by virtue of its authentication as an attachment to the Declaration submitted by Defendant's counsel in support of its motion to dismiss is meritless and in contravention of well-settled practice. *See, e.g.*, 28 U.S.C § 1746; Local Civ. Rule 1.9.

[7] To the extent the Court opts not to consider the Compensation Plan, the Complaint must still be dismissed on either of the alternative grounds set forth in Defendant's Opening Memorandum—namely that (i) the Complaint fails to provide the necessary detail to state a plausible breach of contract claim; or (ii) the Court should decline to exercise supplemental jurisdiction over this claim. (Def. Mem. at III.B-C)

[8] The Court should also reject Plaintiff's alternative argument that the Compensation Plan is void because it allows Healthfirst to prospectively modify the Plan's terms without Plaintiff's prior consent. This position is meritless as it is well established that the right to unilaterally modify a commission plan at any time is neither unconscionable nor does it render the plan void. *See, e.g. Cuervo v. Opera Solutions LLC*, 928 N.Y.S.2d 26, 27

11

Plaintiff's own allegation that she is entitled to post-termination commission payments pursuant to NYLL § 191. (Compl. ¶ 44.)

While § 191 provides that the agreed-upon terms of a commission plan shall be in writing and signed by both the employer and commissioned sales person, an employer's compensation plan is not invalidated by the absence of a signature. *See Dwyer v. Burlington Broad., Inc.*, 744 N.Y.S.2d 55, 57 (3d Dept. 2002) ("While [the plaintiff's] signature would clearly have demonstrated her assent to the terms of the writing, the absence of her signature does not, as plaintiff claims, render those terms ineffective."); *see also Graff v. Enodis Corp.*, No. 02 Civ. 5922 (JSR), 2003 WL 1702026, *1 (S.D.N.Y. Mar. 28, 2003) (dismissing claim to recover pre-termination commissions based on unsigned policy bulletin setting forth the method of calculating commissions that plaintiff "assented to when he remained in [defendant's] employ after receiving it").

Moreover, contrary to Plaintiff's assertion, the New York Court of Appeals has made clear that the common-law rule governing the payment of real-estate commissions only applies when "*no agreement exists*." *Pachter v. Bernard Hodes Group Inc.*, 891 N.E.2d 279, 285 (N.Y. 2008) (emphasis added); *see also Srour v. Dwelling Quest Corp.*, 808 N.Y.S.2d 128, 128 (2005) ("Although the common-law rule is that a broker who produces a person ready and willing to enter into a contract upon his employer's terms . . . has earned his commissions, the parties are free to add whatever conditions they may wish to their agreement"). Otherwise, the determination of "when a commission is 'earned' . . . is regulated by the parties' express or implied agreement" even "in the absence of a governing written instrument." *Pachter*, 891

---

(1st Dept. 2011) (dismissing plaintiff's NYLL §§ 191 and 193 claims based on a commission plan where the employer expressly reserved the unilateral right to modify the commission structure at any time) (citing *Pachter v. Bernard Hodes Group Inc.,* 10 N.Y.3d 609, 618 (N.Y. 2008)).

N.E.2d at 285. Given that Plaintiff alleges that the parties "agreed that she would be paid a commission" (Compl. ¶ 21), the common-law rule is not applicable and the parties are bound by the terms of their agreement.

Here, Plaintiff tries to survive this motion to dismiss by conceding that she had an agreement with her former employer, but then argues that the Court should disregard the very terms of that agreement which defeat her claim to post-termination commissions. However, Plaintiff does not and cannot dispute that: (i) the Compensation Plan exists; (ii) she was well aware of its existence; and (iii) she continuously worked under and accepted the benefits of that agreement. (Compl. ¶ 21.) Further, it is undisputed that under the express terms of that agreement, Plaintiff did not earn any of the alleged unpaid commissions as a result of her resignation. (*See* Klugman Aff. Ex. B at 2 (commissions were not earned at the time of sale, but instead earned 90 days after the date of sale provided, *inter alia*, that the Medicare marketing representative was employed on the date the commission was to be paid).) Accordingly, the Compensation Plan setting forth the parties' agreement as to the payment of commissions requires dismissal of Plaintiff's NYLL unpaid commissions claim. *See Kronick v. L.P. Thebault Co.,* 892 N.Y.S.2d 895 (2d Dept. 2010) (granting motion to dismiss claim for unpaid wages and holding that by remaining in the defendant's employ, the plaintiff is bound by the terms of the commission plan).[9]

---

[9] As detailed in Defendant's opening memorandum (Def. Mem. at IV), the Court should alternatively dismiss Plaintiff's NYLL unpaid commissions claim because, while she admits that a commission agreement existed between the parties (Compl. ¶ 21), Plaintiff fails to allege any facts concerning the terms of that agreement. As a result, the Complaint is far too vague and indefinite to state a claim for unpaid commissions. *McEntee v. Van Cleef & Arpels*, 561 N.Y.S.2d 25, 26 (1st Dept. 1990).

## CONCLUSION

For the foregoing reasons, as well as those set forth in Healthfirst's opening Memorandum, the Court should dismiss the Complaint in its entirety and grant any and all further relief as may be just and proper.

Dated: New York, New York
June 12, 2012

**LEVINE LEE LLP**

By:    */s/ Scott B. Klugman*
      Seth L. Levine
      Scott B. Klugman
570 Lexington Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
slevine@levinelee.com
sklugman@levinelee.com

**LITTLER MENDELSON, P.C.**
Andrew P. Marks
Theo E.M. Gould
900 Third Avenue
New York, New York 10022
Telephone: (212) 583-9600
Facsimile: (212) 832-2719
amarks@littler.com
tgould@littler.com

*Attorneys for Plaintiff*
*HF Management Services, LLC*