| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

---------------------------------------------------------- X
RAMONA DEJESUS,

      Plaintiff,

    - against -

HF MANAGEMENT SERVICES, LLC A/K/A HEALTHFIRST

      Defendant.

---------------------------------------------------------- X

**MEMORANDUM & ORDER**

1:12-CV-1298 (ERK)(RML)

KORMAN, *J.*:

On March 15, 2012, plaintiff Ramona Dejesus filed the instant action against HF Management Services LLC a/k/a Healthfirst alleging four causes of action: (1) failure to pay overtime under the Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime under the New York Labor Law ("NYLL"); (3) nonpayment of wages due under the NYLL; and (4) breach of contract. The defendant filed a motion to dismiss for failure to state a claim on May 7, 2012. Plaintiff filed her response on May 29, and the defendant filed a reply on June 6.

## FACTS

Plaintiff is a Queens County resident and the defendant is a corporation organized under New York law. Compl. ¶¶ 8-9. Until her termination, plaintiff provided "support and administrative services to Health First Insurance and promote[d] to the public, insurance programs offered by Health First." Compl. ¶ 18. She was employed as a promoter and recruiter for Health First's insurance programs for "about three years" ending on or about August 31, 2011. Compl. ¶ 20. Plaintiff does not mention her exact title, but, according to defendant, her title was "Medicare Marketing Representative." Def. Mot. to Dismiss at 5.

1

Plaintiff was paid sales commissions for each person she recruited to enroll in Health First's insurance programs, as well as non-commission wages. Compl. ¶ 21. Plaintiff alleges that she was not paid for commissions earned and owed to her at the time her employment ended and that she worked in excess of forty hours per week "[t]hroughout her employment with defendant" in "some or all weeks," without receiving payment at one and a half times her hourly rate. Compl. ¶ 23-24.

Plaintiff also alleges that defendant "breached the employment agreement/contract" between her and defendant by failing to pay the wages due, though she does not attach a copy of the purported contract between the parties or describe its material terms. Compl. ¶ 39.

The bare-bones complaint devotes only a few paragraphs to outlining the relevant facts, and many of those paragraphs are, in fact, legal conclusions. As such, it is in some places difficult to make out what exactly plaintiff is alleging and the complaint lacks the context necessary to understand her employment circumstances.

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[t]he court accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

To properly state a claim under the FLSA, the plaintiff must allege that: (1) she was an employee eligible for overtime pay; and (2) that she actually worked overtime without proper compensation. *See DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp.

2d 497, 507 (E.D.N.Y. 2011); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). Both the FLSA and the NYLL require "'more than vague legal conclusion to survive a [Rule] 12(b)(6) motion.'" *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 321 (E.D.N.Y. 2012) (quoting *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011)). "At a minimum, [the complaint] must set forth the approximate number of unpaid overtime hours allegedly worked." *Id.* (citations and quotations omitted); *see also Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 304 (E.D.N.Y. 2012) ("To survive a motion to dismiss, the [Complaint] must also approximate the number of overtime hours worked per week in excess of forty for which the [] Plaintiffs did not receive overtime pay."). The plaintiff should also set forth the "applicable rate of pay and the amount of . . . overtime wages due." *Zhong*, 498 F.Supp.2d at 629.

Taking the complaint on its face, plaintiff fails to set forth the precise position she held, any approximation of the number of unpaid overtime hours worked, her rate of pay, or any approximation of the amount of wages due. While it is true that plaintiffs are "not required to state every single instance of overtime worked or to state the exact amount of pay which they are owed," *DeSilva,* 770 F. Supp 2d at 509, plaintiff's sole allegation is that she worked more than forty hours per week and was denied overtime compensation in "some or all weeks" for the time that she worked for Healthfirst. *See id.* (dismissing FLSA claim where plaintiffs merely alleged they "regularly" worked more than forty hours per week). She also gives only a very vague description of her duties as a "promoter" for Healthfirst. As such, the complaint lacks the minimal allegations necessary to state a claim for unpaid overtime under the FLSA.

Nevertheless, plaintiff's claims will be dismissed without prejudice and she will be allowed to replead to correct the complaint's defects. While plaintiff is outside the time limit to amend the pleadings as a matter of right, *see* Fed. R. Civ. P. 15(a)(1)(B), the Second Circuit

"strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006). Nothing in the complaint or the papers suggests that there is no possibility that a valid claim could be stated, given more factual detail and contextual information. Moreover, there is no prejudice to defendant if plaintiff is allowed to replead.

The parties devote substantial time to a discussion of whether plaintiff was properly categorized as exempt from the FLSA overtime requirements due to the "outside sales exemption," which exempts from employees employed "in the capacity of an outside salesman." 29 U.S.C. § 213(a)(1). If so, the claim would fail as a matter of law and amendment would be futile. However, the question cannot be resolved absent a much more detailed pleading or a motion for summary judgment. A claim of exemption under the FLSA is an affirmative defense, on which the employer bears the burden of proof. *See Schwind v. EW & Associates, Inc.*, 357 F. Supp. 2d 691, 697 (S.D.N.Y. 2005) (citing *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392 (1960); *Wright v. Aargo Sec. Services, Inc.*, 2001 WL 91705, at *2 (S.D.N.Y. Feb. 2, 2001)). In general, affirmative defenses are not properly available on a motion to dismiss for failure to state a claim, unless the "the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

To take advantage of the FLSA's exemptions, the employer must offer proof of the "actual duties" of the employee, not just her job description, title, or the general duties of similarly situated employees. *Khan v. IBI Armored Services, Inc.*, 474 F. Supp. 2d 448, 456 (E.D.N.Y. 2007). As such, the claim of exemption is likely to be heavily fact-intensive and inappropriate for resolution at the motion to dismiss stage. The complaint does not detail plaintiff's actual duties in a thorough enough manner such that the "defense appears on the face of the complaint." *Pani*, 152 F.3d at 74. Though she does allege that she was paid a commission

on sales, it is not apparent from the face of the complaint that the exemption is applicable because it is not clear where the sales took place or how much of her role involved making outside sales, among other issues.

In attempt to circumvent this limitation, defendant argues that plaintiff is bound by the allegations contained in the complaint in another case, *Alburquerque v. Healthfirst, Inc.,* Civ. No. 11-2634 (FB) (E.D.N.Y.), which contained more detailed descriptions of the duties of employees in her position. *See* Def. Br. at 5, 9. Defendant relies on *380544 Canada, Inc. v. Aspen Tech., Inc.*, 544 F. Supp. 2d 199 (S.D.N.Y. 2008), to argue that the complaint necessarily incorporates by reference the *Alburquerque* complaint and, therefore, that its factual allegations are attributable to plaintiff in the instant case. *380544 Canada* is distinguishable, however. In that case, the earlier complaint was "quoted extensively in the Complaint and [was] undisputably incorporated by reference." *380544 Canada, Inc.*, 544 F. Supp. 2d at 213-14 (S.D.N.Y. 2008). The district judge in that case also found it important that the allegations in the complaint were directly contradicted by the prior complaint, which necessarily raised the issue of which set of allegations controlled. *See id.* at 215.

Here, in contrast, the sole reference to any other Healthfirst employee is in paragraph twenty-six of the Complaint, where plaintiff alleges that the defendant has a "common policy" of not paying overtime to "a class of over a hundred other current and former employees who are similarly situated" to plaintiff. Compl. ¶ 26. Plaintiff does not quote or otherwise cite to the earlier *Albuquerque* complaint, and, indeed, disclaims any knowledge of it prior to defendant raising it as an issue. Pl. Br. at 6. This is a far cry from *380544 Canada*, and the *Albuquerque* complaint is certainly not quoted or relied upon so extensively as to be "undisputably incorporated by reference" as it was in that case. Moreover, the allegations that defendant wishes to import from the prior case do not directly contradict anything in the complaint. Thus,

5

the rationale of preventing a party from advancing contradictory positions does not apply here. Consequently, plaintiff's status as an exempt "outside salesperson" cannot be resolved as a matter of law at this stage.

## CONCLUSION

Defendant's motion to dismiss the FLSA claim is granted without prejudice and with leave to replead within 30 days. Under these circumstances, I decline jurisdiction over the remaining state law claims at this juncture. *See, e.g., Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

**SO ORDERED.**

Brooklyn, New York
October 23, 2012

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge